**UNITED STATES of America**

v.

**Linda Sue EVANS a/k/a Louise Robinett.**

**Crim. A. No. 85–337.**

United States District Court, E.D. Louisiana.

Feb. 26, 1987.

Reneé C. McGinty, Howat Peters, Assist. U.S. Attys., New Orleans, La., for plaintiff.

Ronald Rakosky, New Orleans, La., for defendant.

## ORDER AND REASONS

FELDMAN, District Judge.

In this criminal action, defendant, Linda Sue Evans moves to suppress evidence which she alleges was seized without a warrant in violation of the Fourth Amendment. She further urges that the substance of this motion to suppress has already been fully litigated in another case against her in the District of Connecticut, and, therefore, relitigation of these same issues here is barred by the doctrine of collateral estoppel. The Court agrees. The same issues have been fully and exhaustively litigated in another U.S. District Court and the doctrine of collateral estoppel bars still another inquiry.

The defendant was indicted in the District of Connecticut on May 16, 1985, on a number of offenses, including possession of false identification documents and harboring a fugitive. In that case, the defendant filed a motion to suppress evidence which was seized on May 11, 1985 from 5714 The Almeda Apartment D, Yorkwood Apartment Complex, Baltimore, Maryland. The motion was the subject of extensive briefing by the parties and a lengthy evidentiary hearing was held prior to Judge Dorsey's ruling on the motion. See, *United States v. Evans*, 629 F.Supp. 1544 (D.Conn.1986). The motion to suppress was denied, except as to the weapons, explosive devices, mechanisms, and ammunition seized from the Baltimore apartment.

It is beyond dispute that all of the issues raised in connection with the present motion to suppress were raised and fully litigated in the prior suppression proceeding before Judge Dorsey in Connecticut. The thrust of the government's position is that all of the evidence seized from the Balti-

more apartment should have been admissible under the independent source or inevitable discovery doctrine, notwithstanding the lack of a warrant. The government relies upon the recent Supreme Court decisions in *Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984) and *Segura v. United States*, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984). While this Court expresses no opinion as to the correctness of Judge Dorsey's ruling, a review of the post-suppression hearing memoranda submitted by the parties as well as the court's opinion reflect that these issues were specifically raised and fully considered by the court.

Rather than appeal Judge Dorsey's ruling, the government chose to dismiss the Connecticut indictment. (The defendant was indicted in the Eastern District of Louisiana on numerous firearms violations on September 6, 1985. The Louisiana indictment has been pending throughout the Connecticut proceeding.)

The defendant contends that the doctrine of collateral estoppel, which is applicable in criminal cases, prevents relitigation of the merits of the suppression motion and that this Court is bound by the prior determination. The government counters that the doctrine of collateral estoppel does not apply because the government chose to dismiss the indictment prior to the time jeopardy attached. Essentially, the government argues that unless jeopardy has attached, notions of collateral estoppel are not implicated; that collateral estoppel has no life other than what is borne out of notions of double jeopardy. In support of its position, the government relies upon the Supreme Court decision in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). However, *Ashe* speaks to a different issue. The question in *Ashe* was whether, after a jury determination of acquittal, the state could constitutionally bring the defendant before a new jury in a subsequent prosecution for a different offense and relitigate issues which were necessarily determined in the prior action. Writing for the Court, Justice Stewart concluded that the established rule of collateral estoppel as grounded in the Fifth Amendment guarantee against double jeopardy prevented relitigation of those factual issues necessarily determined in the prior trial. But here there was no trial. Instead, the prosecution dismissed the Connecticut indictment. Having done so prior to the time jeopardy attached, the government now attempts to use *Ashe* to foreclose the defendant's plea of collateral estoppel. However, *Ashe* does not purport to address the issue of whether collateral estoppel applies to bar relitigation of issues between the same parties in a subsequent criminal prosecution independent of double jeopardy concerns. The question posed by this motion, whether collateral estoppel may apply to bar relitigation in a subsequent prosecution of matters necessarily decided in the context of a prior indictment and notwithstanding the dismissal of the indictment, was left open by the Court in *Ashe*. While the Fifth Circuit has yet to address the issue, the Second Circuit has considered the question and has stated that collateral estoppel is applicable to bar relitigation in a subsequent prosecution of matters necessarily decided in the context of a prior indictment, notwithstanding the dismissal of that indictment.

The flaw in the government's position here is that collateral estoppel is doctrinally involved with notions of due process, as well as double jeopardy.

In the case of *United States ex rel. DiGiangiemo v. Regan*, 528 F.2d 1262 (2nd Cir.1975), *cert. den.*, 426 U.S. 950, 96 S.Ct. 3172, 49 L.Ed.2d 1187 (1976), the Second Circuit framed the question as whether "due process, unaided by the double jeopardy clause" requires the government to apply collateral estoppel in favor of a criminal defendant. *Id.* at 1265. The court concluded that it does.

In *DiGiangiemo*, the defendant sought federal habeas relief because the government had used evidence at trial which had been adjudged to be illegally seized in the context of a prior indictment which had been dismissed. The government argued that *Ashe* foreclosed any such contention because the defendant had never been placed in jeopardy on the prior indictment.

Writing for the court, Judge Friendly concluded that *Ashe* was not applicable, and that considerations of due process support application of the principles of collateral estoppel without regard to a finding of jeopardy. "For purposes of issue preclusion," Judge Friendly wrote, " 'final judgment' includes any prior adjudication of an issue in another action between the parties that is determined to be sufficiently firm to be afforded conclusive effect,".... "Factors supporting a conclusion that a decision is final for this purpose" the court said, "are 'that the parties were fully heard, that the court supported its decision with a reasoned opinion, [and] that the decision was subject to appeal or was in fact reviewed on appeal.' " *Id.* at 1265. All of these same factors support the application of the principle of collateral estoppel in this case.

To illustrate the point, Judge Friendly introduces a hypothet which bears a marked resemblance to the factual setting presently before the Court. In the hypothet, "Defendant X" is charged in separate indictments in separate counties with bank robbery and with auto theft. The government intends to rely upon the same confession by X in both cases. X moves to suppress the confession in the robbery case and the motion is granted, whereupon the government dismisses the robbery indictment, electing not to appeal, and moves forward with the remaining indictment for auto theft. The defendant again moves to suppress the confession urging the application of collateral estoppel. The government opposes the motion stating that it has new evidence to rebut the motion. The court concludes that notions of due process would forbid such relitigation. *Id.* at 1265. Further, the court comments:

> "If the hypothetical be altered so that the ruling on suppression of the confession had come in the course of a trial for bank robbery in which X was acquitted, *Ashe v. Swenson* seemingly would prevent relitigation of the admissibility of the confession in a subsequent trial for stealing the getaway car; it would appear bizarre that the more orderly procedure of trying the suppression issue before X was put in jeopardy should lead to a result less favorable to him. Assuming that the state has had an opportunity for a full hearing on suppression and at least one appeal as of right, we think due process would forbid relitigation of the issue determined adversely to it, although not, of course, the prosecution of X for auto theft on the basis of other evidence."

*Id.* at 1266.

The court found that if DiGiangiemo had moved for suppression in the subsequent prosecution invoking collateral estoppel, "due process would have required that the motion be granted". *Id.* However, because the defendant had failed to move to suppress the evidence, the issue had been waived and could provide no basis for habeas relief.

Thus, while portions of the Second Circuit's decision might be considered *dicta*, this Court finds the logic and reasoning of the court no less persuasive.

The government has had a full and unbridled opportunity to litigate the Fourth Amendment issues involved in the search of the Baltimore apartment and has strenuously done so. The government acknowledges that no new evidence would be presented if this Court held another evidentiary hearing. In addition, the government indicates a willingness to be bound by the prior presentation of evidence on the motion. To suggest that this Court should again consider the matter based upon the same law and the same factual record because the government has elected to dismiss the Connecticut indictment rather than appeal Judge Dorsey's ruling, raises the spectre of forum shopping, and conflicts with notions of judicial economy; all of which the doctrine of issue preclusion is designed to avoid.

Unlike DiGiangiemo, Ms. Evans has timely moved to suppress and has invoked the doctrine of collateral estoppel. This Court

is constrained to hold that due process requires its application.[1]

For all of the above reasons,

IT IS ORDERED:

Defendant's motion to suppress based upon the doctrine of collateral estoppel is GRANTED.

---

1. *Nix* was not a search and seizure case, and although Judge Dorsey's ruling on the issue of inevitable discovery or independent source is not articulated, his limited suppression of certain evidence (but not the fruits thereof) would appear to be consistent with the goals of both *Nix* and *Segura.* The suppression order of this Court is similarly limited. Thus, the government is put in the same, not a worse, position as it would have been in if no law enforcement error or misconduct had occurred. See *Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984).