**Ex parte Lawrence Lanier CULVER.**

**No. 08–95–00166–CR.**

Court of Appeals of Texas,
El Paso.

Aug. 22, 1996.

Discretionary Review Refused Nov. 6, 1996.

Thomas S. Morgan, Midland, for Appellant.

Al W. Schorre, Jr., District Attorney of Midland County, Midland, for State.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

## *OPINION*

BARAJAS, Chief Justice.

This is an appeal from a denial of Appellant's pretrial writ of habeas corpus. We affirm the order of the trial court denying habeas corpus relief.

## I. *PROCEDURAL HISTORY*

■ Appellant was originally indicted in cause number CRC–21,210 in the 142nd District Court of Midland County, Texas for the felony offense of driving while .intoxicated. Appellant filed a motion to suppress the evidence in which he challenged the legality of the initial stop. At the November 22, 1994 hearing on the motion to suppress, the State stipulated that Appellant was not arrested pursuant to a warrant. When the trial court then called upon the State to present evidence, the prosecutor said, "State doesn't have any witnesses at this time, Your Honor." Because the State presented no evidence establishing the legality of the initial stop, the trial judge found that he had no alternative but to grant the motion.[1]

The State subsequently filed a "Motion to Reconsider Ruling on Defendant's Motion to Dismiss Indictment/Motion to Suppress Unlawful Detention and Arrest," which the trial court denied on December 9, 1994. That same day, the State, rather than appealing the court's ruling on the motion to suppress, filed a motion to dismiss the indictment. The motion, signed by the same prosecutor who represented the State at the suppression hearing, stated the following reason for dismissal: "State witnesses unavailable at Pre-Trial hearing. State will seek re-indictment." The trial judge granted the motion to dismiss on December 9, 1994. Appellant

was re-indicted for the identical offense on January 12, 1995, and the case was assigned to the same trial judge.

On February 6, 1995, Appellant filed a document entitled "Defendant's Plea in Bar/Motion to Suppress Unlawful Detention and Arrest" in which he challenged the legality of the stop, and further urged that the State could not relitigate the suppression issue since it had been determined in a prior proceeding. After hearing evidence on the issue of whether the State could relitigate the suppression issue, the trial court denied Appellant's plea in bar and motion to suppress. Appellant then filed an application for a pretrial writ of habeas corpus in which he again challenged the legality of the stop. Appellant further asserted that relitigation of the motion to suppress was prohibited by the doctrines of collateral estoppel, double jeopardy, *res judicata,* and law of the case, and that permitting the State to do so would deny him due process and due course of law. The trial court denied the requested relief after an evidentiary hearing on May 12, 1995. The record does not reflect whether the trial court has in fact held an evidentiary hearing on the motion to suppress.

## II. *DISCUSSION*

### JURISDICTION

In four points of error, Appellant challenges the trial court's denial of a pretrial writ of habeas corpus. He alleges that permitting the State to relitigate the motion to suppress is prohibited by collateral estoppel/double jeopardy (Point of Error No. One), *res judicata* (Point of Error No. Two), law of the case (Point of Error No. Three), and due process/due course of law (Point of Error No. Four). We have raised, on our

---

1. By way of explanation for its failure to present evidence at the suppression hearing, the State adduced evidence at the plea in bar hearing that the "inexperienced" prosecutor did not understand that the burden of proof fell upon the State to justify the warrantless stop of Appellant's vehicle, and consequently, he did not subpoena the necessary witness to attempt to meet that burden. The question of who has the burden of proof in a motion to suppress is an issue clearly

resolved by this Court. The State has the burden to prove existence of probable cause to justify warrantless arrest or search. *De La Paz v. State,* 901 S.W.2d 571, 575 (Tex.App.—El Paso 1995, pet. ref'd); *Chavarria v. State,* 876 S.W.2d 388, 391–92 (Tex.App.—El Paso 1994, no pet.); *Alvarado v. State,* 894 S.W.2d 869, 872 (Tex.App.—El Paso 1995, pet. ref'd); *State v. Giles,* 867 S.W.2d 105, 108 (Tex.App.—El Paso 1993, pet. ref'd).

own motion, the issue of whether we have jurisdiction over this appeal.

Generally, we only have jurisdiction to consider an appeal by a criminal defendant where there has been a judgment of conviction. *McKown v. State*, 915 S.W.2d 160, 161 (Tex.App.—Fort Worth 1996, no pet. h.). We do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted to us by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App.1991)(appellate court does not have jurisdiction to review interlocutory denial of plea in bar based upon double jeopardy); *McKown*, 915 S.W.2d at 161 (appellate court does not have jurisdiction to review interlocutory denial of defendant's motion to suppress). An appeal from a denial of a pretrial application for writ of habeas corpus is an exception to this rule.

Habeas corpus is an extraordinary remedy that should not be used as a substitute for an appeal. *Ex parte Clore*, 690 S.W.2d 899, 900 (Tex.Crim.App.1985); *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex.Crim. App.1978). Thus, an application for pretrial writ of habeas corpus should not be entertained where there is an adequate remedy by appeal after final judgment. *Ex parte Groves*, 571 S.W.2d at 890. Because of the existence of an adequate remedy by appeal, a defendant may not use pretrial habeas corpus to assert his constitutional rights to a speedy trial or due process. *Ex parte Delbert*, 582 S.W.2d 145 (Tex.Crim.App. 1979)(speedy trial); *Ex parte Gonzales*, 667 S.W.2d 932, 935 (Tex.App.—Austin 1984, pet. ref'd)(due process). Pretrial habeas corpus is not available to test the sufficiency of the complaint, information, or indictment. *Ex parte Dickerson*, 549 S.W.2d 202, 203 (Tex. Crim.App.1977). However, a defendant may use pretrial habeas corpus to challenge an indictment under other circumstances. *Ex parte Matthews*, 873 S.W.2d 40, 43 (Tex.Crim.App.1994)[challenge of tolling provision of Tex.Code Crim.Proc.Ann. art. 12.05(a) ]; *Ex parte Ward*, 560 S.W.2d 660, 662 (Tex.Crim.App.1978)[challenge of tolling provision of Tex.Code Crim.Proc.Ann. art. 12.05(b) ]; *Ex parte Dickerson*, 549 S.W.2d at 203 (if the pleading, on its face, shows that the offense charged is barred by limitations, it may be challenged by pretrial writ of habeas corpus); *Ex parte Meyer*, 172 Tex. Crim. 403, 357 S.W.2d 754, 755 (1962)(claim that prosecution was based upon a void statute). Further, a defendant may raise by pretrial habeas corpus claims concerning double jeopardy, collateral estoppel and bail, because if he were not allowed to do so, those protections would be effectively undermined. *Stephens v. State*, 806 S.W.2d 812 (Tex.Crim.App.1990)(double jeopardy claim), *citing Abney v. United States*, 431 U.S. 651, 660–61, 97 S.Ct. 2034, 2040–41, 52 L.Ed.2d 651 (1977)(the preferred procedural vehicle for review of a double jeopardy claim is the writ of habeas corpus since the rights conferred on a criminal accused by the double jeopardy clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence); *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex.Crim.App.1982)(the protection afforded by the double jeopardy clause encompasses a "right not to be tried", which would be significantly undermined by postponement of review until after conviction); *Ex parte Keller*, 595 S.W.2d 531, 532–33 (Tex.Crim.App.1980)(bail).

Under the above authorities, we conclude that Appellant may not utilize pretrial habeas corpus to raise his claims based upon law of the case and due process/due course of law since they may be adequately addressed on direct appeal in the event Appellant is convicted. Therefore, we do not have jurisdiction to address Points of Error Nos. Three and Four.

Appellant's claim raised in Point of Error No. One that the State is collaterally estopped from relitigating the suppression issue is more problematic because it is based upon what we perceive as two distinct aspects of collateral estoppel. He first relies upon collateral estoppel as embodied in the double jeopardy clause of the Fifth Amendment. *See Ashe v. Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970). Under *Ex parte Robinson*, Appellant may utilize pretrial habeas corpus to raise this collateral estoppel claim. *Ex parte Rob-*

*inson,* 641 S.W.2d at 556. Therefore, we have jurisdiction to address this aspect of Point of Error No. One.

■ In the body of his argument under Point of Error No. One, however, Appellant additionally cites *United States v. Evans,* 655 F.Supp. 243 (D.C.La.1987), which held that the government was collaterally estopped from relitigating a suppression issue that had been decided adversely to it in a prior proceeding since the government had a full opportunity to litigate the issue and had dismissed the indictment against the defendant rather than appealing the court's ruling on the motion to suppress. The federal district court based its decision, not upon the rule of collateral estoppel incorporated in the double jeopardy clause, but upon a rule of collateral estoppel that is "doctrinally involved with notions of due process." *Evans,* 655 F.Supp. at 244 [relying upon *United States ex rel. DiGiangiemo v. Regan,* 528 F.2d 1262 (2nd Cir.1975), *cert. denied,* 426 U.S. 950, 96 S.Ct. 3172, 49 L.Ed.2d 1187 (1976) ].[2] Thus, the question presented is whether we have jurisdiction to address a collateral estoppel claim based upon considerations of due process.

In *Ex parte Gonzales,* the Third Court of Appeals found that it had jurisdiction to consider the defendant's double jeopardy claims raised by pretrial habeas corpus, but did not have jurisdiction to review his contention that permitting the State to proceed with a second trial against him for the same offense would be "fundamentally unfair." *Gonzales,* 667 S.W.2d at 935. This latter contention is similar to the issue raised by Appellant, namely, that permitting the State to relitigate the suppression issue is fundamentally unfair and denies him due process and due course of law. Although we are dismayed that the State chose to dismiss the original proceeding after obtaining an adverse ruling, and in our view, perhaps unfairly obtained a

second bite at the apple, we are persuaded by the decision in *Gonzales* that we lack jurisdiction to consider this particular aspect of Point of Error No. One. Accordingly, this contention will not be considered in this proceeding.[3]

■ In Point of Error No. Two, Appellant, relying solely on federal authority, contends that the trial court's prior ruling on the issue of probable cause is *res judicata* and therefore totally bars his prosecution for DWI or, alternatively, bars the State from relitigating the probable cause issue. In support of these arguments, he cites *United States v. Byars,* 762 F.Supp. 1235 (E.D.Va. 1991) and *United States v. Blackwell,* 900 F.2d 742 (4th Cir.1990). Both cases, citing *Ashe v. Swenson* and *Sealfon v. United States,* 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948), hold that the doctrines of *res judicata* and collateral estoppel are embodied in the double jeopardy clause of the Fifth Amendment. *Blackwell,* 900 F.2d at 745; *Byars,* 762 F.Supp. at 1237. While no Texas court has interpreted *Ashe v. Swenson* as specifically holding that *res judicata* is embodied in the double jeopardy clause [4], we hold that we have jurisdiction to review this related claim under the same reasoning that we may review a habeas claim based upon collateral estoppel. Therefore, we have jurisdiction to address Point of Error No. Two.

### *RES JUDICATA* AND COLLATERAL ESTOPPEL

Appellant contends in Points of Error Nos. One and Two that the doctrines of collateral estoppel and *res judicata,* respectively, operate to bar this prosecution altogether or, alternatively, require the trial court to adhere to its prior order suppressing the evidence in this cause. Because both doctrines require application of what is essentially the

---

**2.** No Texas court has recognized or applied the type of collateral estoppel addressed in *Evans* and *DiGiangiemo.*

**3.** Appellant is not prohibited from raising these same issues on direct appeal in the event he is later convicted. Nothing in this opinion, however, should be construed as an opinion on the merits of these issues.

**4.** Our review of *Ashe v. Swenson* reveals that the Supreme Court discussed only the concept of collateral estoppel as being embodied in the double jeopardy clause and did not specifically discuss *res judicata.*

same test, we will address these points of error together.

It is the defendant's duty to establish his plea of former jeopardy under the collateral estoppel rule. *Dedrick v. State,* 623 S.W.2d 332, 339 (Tex.Crim.App.1981); *Flores v. State,* 906 S.W.2d 133, 141 (Tex. App.—San Antonio 1995, no pet.). Such plea must be supported by evidence. *Shaffer v. State,* 477 S.W.2d 873, 875 (Tex.Crim.App. 1971); *Flores,* 906 S.W.2d at 141. Similarly, the defendant at a habeas corpus hearing, must present evidence to support the allegation of double jeopardy and collateral estoppel. *Hoang v. State,* 810 S.W.2d 6, 8 (Tex. App.—Dallas 1991), *aff'd,* 872 S.W.2d 694 (Tex.Crim.App.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 177, 130 L.Ed.2d 112 (1994). The burden is clearly upon the writ applicant to establish his entitlement to habeas corpus relief. *Ex parte Kimes,* 872 S.W.2d 700, 703 (Tex.Crim.App.1993); *Ex parte Maldonado,* 688 S.W.2d 114, 116 (Tex.Crim.App.1985); *Ramirez v. State,* 916 S.W.2d 32, 33 (Tex. App.—Houston [1st Dist.] 1995, no pet.).

The doctrine of collateral estoppel means that when an issue of ultimate fact has once been determined by a valid and final judgment, the issue cannot again be litigated between the same parties in any future lawsuits. *Ashe v. Swenson,* 397 U.S. at 443, 90 S.Ct. at 1194; *Ex parte Tarver,* 725 S.W.2d 195, 198 (Tex.Crim.App.1986); *Dedrick,* 623 S.W.2d at 336; *Chavez v. State,* 860 S.W.2d 714, 716 (Tex.App.—El Paso 1993, no pet.). Thus, *Ashe* mandates two inquiries: (1) What facts were necessarily determined in the first law suit? (2) Has the government in a subsequent trial tried to relitigate facts necessarily established against it in the first trial? *Dedrick,* 623 S.W.2d at 336. Facts so established in the first trial may not be used in the second trial either as ultimate or as evidentiary facts. *Id.* Therefore, while double jeopardy prohibits the successive prosecution of the crime itself, collateral estoppel forbids the government from relitigating certain facts in order to establish the fact of the crime. *Dedrick,* 623 S.W.2d at 336.

The State does not dispute that the two suppression hearings involve the same issue, that is, whether the officer had probable cause to stop Appellant. However, it argues that this is not an issue of ultimate fact since it is not an element of the offense, but rather, is merely an evidentiary ruling. We agree with the State that the issues of ultimate fact in the suppression hearing are indeed different than the issues of ultimate fact involved in a DWI prosecution. *See Neaves v. State,* 767 S.W.2d 784, 786–87 (Tex.Crim.App.1989)(collateral estoppel did not bar a DWI prosecution following a municipal court's negative finding on the issue of whether probable cause existed that the defendant had been driving while intoxicated because the ultimate issues of fact involved in the two proceedings were different); *Holmberg v. State,* 931 S.W.2d 3 (Tex.App.—Houston [1st Dist.] 1996, pet. filed)(finding by administrative judge that officers did not have a reasonable suspicion to stop defendant for DWI did not constitute a bar to prosecution for DWI); *Ex parte Ayers,* 921 S.W.2d 438 (Tex.App.—Houston [1st Dist.] 1996, no pet.)(finding by administrative judge that officers did not have reasonable suspicion to stop defendant for DWI did not constitute a bar to prosecution for DWI). For this reason, collateral estoppel and *res judicata* do not operate as a bar to Appellant's prosecution for DWI. Therefore, the trial court did not err in denying habeas corpus relief on these grounds.

We now consider Appellant's remaining argument that collateral estoppel and *res judicata* bar the State from relitigating the suppression issue in the re-indicted cause. Significantly, the record before us is silent with respect to what evidence would have been suppressed and what evidence would have remained had the trial court's first ruling remained in force. Consequently, it is unclear whether the suppression of evidence would have merely restricted the State's proof at trial or whether the State would have been unable to maintain its prosecution.[5] This is a critical failure of proof in

5. We decline to assume, based upon the State's

filing of the motion to dismiss following the

the context of this habeas proceeding. If a conviction is impossible in the absence of the suppressed evidence, then Appellant could establish that he is unlawfully confined by virtue of the violation of collateral estoppel.[6] On the other hand, if the State had sufficient evidence remaining so that it could go forward with the prosecution, it could not be said that Appellant is unlawfully confined as a result of the collateral estoppel violation. Therefore, even if we ultimately agree with Appellant that the State is prohibited from relitigating the suppression issue, he has nevertheless failed to establish his entitlement to habeas corpus relief. Accordingly, Points of Error Nos. One and Two are overruled.

Lacking jurisdiction to consider Points of Error Nos. Three and Four, and having overruled Points of Error Nos. One and Two, the order of the trial court denying habeas corpus relief is affirmed.

initial adverse ruling, that it had no other evidence to establish Appellant's guilt. The burden is upon Appellant to establish his entitlement to habeas corpus relief. *Ex parte Kimes,* 872 S.W.2d at 703; *Ex parte Maldonado,* 688 S.W.2d at 116.

**6.** The Fourth Circuit stated in *United States v. Head* that it understood the holding in *Ashe v. Swenson* to be limited to its factual context so

that double jeopardy guarantees are not engaged by collateral estoppel which, if applied, would merely restrict proof but not make conviction impossible. *United States v. Head,* 697 F.2d 1200, 1205 (4th Cir.1982), *also citing Abney v. United States,* 431 U.S. at 659, 97 S.Ct. at 2040 (contrasting, for appealability purposes, double jeopardy and evidence suppression rulings).