## O.K. MANUFACTURING
1-800-748-5480
1-801-974-9116
2840 South 900 West • Salt Lake City, Utah 84119   FAX-1-801-974-5458

Robert J. ALLAIN, Petitioner,

v.

COMMONWEALTH OF
MASSACHUSETTS,
Respondent.

No. CIV.A. 94–40198–NMG.

58

United States District Court,
D. Massachusetts.

March 11, 1998.

Gregory V. Roach, Ward, Walsh & Roach, Fitchburg, MA, for petitioner.

Ellyn H. Lazar, Atty. Gen.'s Office, Boston, MA, for respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

On November 25, 1991, following a jury trial in Worcester Superior Court, petitioner Robert J. Allain ("Allain") was convicted for trafficking in cocaine and possession of cocaine with intent to distribute. He was sentenced to ten to twelve years in prison. The Appeals Court for the Commonwealth of Massachusetts ("the Appeals Court") affirmed Allain's conviction, and the Supreme Judicial Court for the Commonwealth denied his application for further appellate review. On December 6, 1994, Allain filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I. *Procedural History*

Allain was charged by complaint in the Worcester Division of the Massachusetts District Court Department ("the State District Court") with illegal possession of cocaine, possession of cocaine with the intent to distribute, trafficking in cocaine, conspiracy to violate the controlled substances laws and illegal possession of marijuana. On November 27, 1990, the State District Court conducted a probable cause hearing to determine whether to bind Allain over to the Worcester County Superior Court Department ("the Superior Court"). During that proceeding, at the government's request, the State District Judge heard Allain's motion to suppress evidence, allowed that motion and, as to all of the charges, found no probable cause.

On May 1, 1991, a Worcester County Grand Jury indicted Allain for the same crimes charged by the complaint and, in the Superior Court, Allain moved to suppress evidence on the same grounds presented to the State District Court at the earlier probable cause hearing. In addition, Allain moved to dismiss the indictment on the grounds that it was barred by the doctrine of collateral estoppel. A Superior Court judge denied Allain's motions, and, on November 13, 1991, a single justice of the Massachusetts Supreme Judicial Court denied his request for interlocutory relief.

Allain was convicted of trafficking in cocaine and possession of cocaine with intent to distribute and was acquitted on the charge of possession of marijuana. On appeal to the Appeals Court, he argued that, under the doctrine of collateral estoppel, the State District Court's order allowing his motion to suppress evidence was binding upon the Superior Court in the subsequent proceeding. In affirming the decision of the Superior Court, the Appeals Court reasoned that 1) a determination of lack of probable cause is not appealable by the government under Massachusetts Rules of Criminal Procedure, 2) a probable cause hearing is not a final determination of the case and 3) therefore, one of the prerequisites for collateral estoppel, namely the existence of a final judgment, was not met. *Commonwealth v. Allain*, 36 Mass. App.Ct. 595, 598–600, 634 N.E.2d 579 (1994).

In December, 1994, Allain filed the pending petition for habeas corpus relief on the grounds that 1) his conviction depended upon evidence obtained through an unconstitutional search and seizure and 2) under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, the State District Court's disposition of his motion to suppress at the probable cause hearing was binding in the subsequent Superior Court proceeding. Following a hearing before Magistrate Judge Swartwood on September 19, 1997, Allain moved to amend his petition by waiving the first ground for relief, and he now rests his request for relief solely on the Due Process ground.

## II. *Analysis*

■ In *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the Supreme Court held that a federal court may not grant habeas corpus relief to a prisoner based upon a rule of law announced after his conviction becomes final unless the new rule 1) places "private, individual conduct beyond the power of the criminal law-making authority to proscribe" or 2) is a "watershed rule[] of criminal procedure . . . without which the likelihood of an accurate conviction is seriously diminished." 489 U.S. at 310–11 & 313.

In support of his petition for habeas corpus relief, Allain contends that the Superior Court's failure to apply the doctrine of collateral estoppel to his motion to suppress evidence deprived him of his right to due process under the Fourteenth Amendment of the United States Constitution. In opposition, the Commonwealth of Massachusetts argues that, pursuant to *Teague,* this Court may not apply the constitutional rule of law invoked by Allain and must, therefore, deny his petition.

As a threshold matter, this Court must determine a) the date on which the defendant's conviction became final for *Teague* purposes, b) whether the rule Allain seeks to apply is a "new rule" under *Teague* and, if so, c) whether that rule falls within one of the two exceptions enunciated in that case. *See Caspari v. Bohlen,* 510 U.S. 383, 389–90, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994). ("[I]f the state . . . argue[s] that the defendant seeks the benefit of a new rule of constitutional law, the court must apply *Teague* before considering the merits of the claim.")

### A. *The Date the Conviction Became Final*

■ For *Teague* purposes, a conviction becomes final when the time for filing a petition for a writ of certiorari expires, i.e., ninety days after direct appeal to the state courts has been exhausted. *See* 28 U.S.C. § 2101(c); Sup.Ct. R. 13; *Caspari,* 510 U.S.

at 390–91. In this case, the Massachusetts Supreme Judicial Court denied further appellate review on July 26, 1994, and, therefore, Allain's conviction became final on October 24, 1994.

### B. *The Newness of the Asserted Rule of Law*

■ "[A] case announces a 'new rule' when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Butler v. McKellar,* 494 U.S. 407, 412, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990). In order to determine whether a particular rule is "new" under *Teague,* a court must

survey the legal landscape . . . and determine whether a state court considering the defendant's claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule he seeks was required by the Constitution.

*Caspari,* 510 U.S. at 390 (quoting *Graham v. Collins,* 506 U.S. 461, 468, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993) and *Saffle v. Parks,* 494 U.S. 484, 488, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990)).

■ A rule may be considered "new" even if it is within "the logical compass" of prior decisions so long as it is not "dictated" by those decisions. *Butler,* 494 U.S. at 412–15. For example, where courts reach contrary legal conclusions based upon existing precedent, those conclusions qualify as "new rules" under *Teague. See id.* at 415; *see also Caspari,* 510 U.S. at 395 (noting that a development in the law about which reasonable jurists could disagree is a "new rule").

■ A survey of the legal landscape before October 24, 1994, reveals a variety of federal and state decisions reaching contrary conclusions about (or abstaining from determining) whether the Due Process Clause, independent of the Double Jeopardy Clause of the Fifth Amendment, requires application of collateral estoppel.[1] In the only Supreme

---

1. It is well established that the Double Jeopardy Clause of the Fifth Amendment embodies principles of collateral estoppel. *Ashe v. Swenson,* 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Allain cannot, however, rely upon that clause because jeopardy did not attach at the

probable cause hearing conducted by the State District Court. *See Ashe,* 397 U.S. at 443 (stating that a valid and final judgment on an issue of ultimate fact is a prerequisite for application of collateral estoppel under the Double Jeopardy Clause); *Commonwealth v. Gonzalez,* 388 Mass.

Court case addressing that question, *Hoag v. New Jersey*, 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913 (1958), the Supreme Court considered the proposition that the doctrine of collateral estoppel could be regarded as a constitutional requirement. 356 U.S. at 470–71. Expressing "grave doubts" about constitutionalizing that doctrine, the Court refrained from deciding the question because the state court had, in fact, applied the doctrine to the facts of that case. *Id.* at 471.

In the lower federal courts, the Second Circuit Court of Appeals has associated the doctrine of collateral estoppel with the Due Process Clause. *See United States ex rel DiGiangiemo v. Regan*, 528 F.2d 1262, 1266 (2d Cir.1975) (Friendly, J.)(stating that "[a]ssuming that the state has had an opportunity for a full hearing on suppression and at least one appeal as of right, ... due process would forbid relitigation of the issue determined adversely to it").

The Third and Fifth Circuit Courts of Appeals have declined to constitutionalize collateral estoppel beyond the limited guarantee of the Double Jeopardy Clause. *Showery v. Samaniego*, 814 F.2d 200, 203–04 (5th Cir. 1987) ("[W]e decline to find the collateral estoppel doctrine cognizable as a constitutional claim apart from those claims that are recognized under the double jeopardy clause"); *United States ex rel. Hubbard v. Hatrak*, 588 F.2d 414, 418 (3d Cir.1978) (holding that Due Process does not require application of collateral estoppel against the state where the defendant was not a party to the first case and refusing to express approval or disapproval of Judge Friendly's view in *DiGiangiemo, supra* ).[2]

Like the Supreme Court in *Hoag*, the First and Eleventh Circuit Courts of Appeals expressly declined to decide the due process issue where the requirements of the collateral estoppel doctrine had not been met by the

facts of the case at bar. *See United States v. Perchitti*, 955 F.2d 674, 676 (11th Cir.1992); *United States v. Bonilla Romero*, 836 F.2d 39, 43 (1st Cir.1987); *see also United States ex rel. Fulton v. Franzen*, 659 F.2d 741, 744 (7th Cir.1981) (abstaining from deciding the due process question because it was not raised at trial or on appeal).

In the states, the Supreme Courts of Louisiana, Pennsylvania and Florida and the Massachusetts Supreme Judicial Court have concluded that, outside of the Double Jeopardy Clause guarantee, collateral estoppel is not constitutionally compelled. *See Commonwealth v. Lagana*, 510 Pa. 477, 481, 509 A.2d 863 (1986) (stating that, where jeopardy had not attached at a first suppression hearing, "there is certainly no constitutional bar to relitigating a suppression motion during ... a second prosecution"); *Commonwealth v. Dias*, 385 Mass. 455, 460, 432 N.E.2d 506 (1982) ("[A] collateral estoppel claim based on the due process clause, independent of the protections of the double jeopardy clause, is not established."); *State v. McCord*, 402 So.2d 1147, 1149 (Fla.1981) (holding that collateral estoppel did not preclude relitigation of a motion to suppress because jeopardy had not attached in the first proceeding); *State v. Doucet*, 359 So.2d 1239, 1248 (La.1977) (concluding, upon reconsideration, that due process and fundamental fairness do not require application of collateral estoppel to successful motions to suppress).

Given the contrary conclusions of the federal and state appellate courts, it is clear that a state court would not have felt "compelled" by existing precedent to conclude that the Due Process Clause obliges application of the doctrine of collateral estoppel to a motion to suppress decided in favor of a criminal defendant. The due process obligation invoked by Allain is, therefore, a "new

865, 869–70, 448 N.E.2d 759 (1983) (holding that jeopardy does not attach at a probable cause hearing held in a Massachusetts District Court because the District Court has no power to make a final determination of guilt or innocence in that proceeding).

**2.** In support of his contention that Due Process requires application of criminal collateral estoppel, Allain cites *DiGiangiemo* as well as the decision of the District Court for the Eastern District of Louisiana in *United States v. Evans*, 655 F.Supp. 243 (E.D.La.1987). The latter decision, which does recognize a Due Process guarantee of collateral estoppel, was overruled by the decision of the Fifth Circuit Court of Appeals in *Showery*. Compare *Evans*, 655 F.Supp. at 245–46, *with Showery*, 814 F.2d at 203–04.

rule" under *Teague* and cannot be applied retroactively unless it falls within one of the *Teague* exceptions.

### C. *Exceptions to the Non-retroactivity Principle*

 Because the rule invoked by Allain is a "new rule" under *Teague*, this Court must now determine if it meets one of the exceptions to the non-retroactivity principle announced in that case. The first exception permits retroactive application of rules that place certain conduct beyond the power of the government to proscribe. That exception does not apply in this case because a constitutional obligation to apply the doctrine of collateral estoppel would implicate judicial procedures and not primary conduct.

 The second exception permits retroactive application of "watershed rule[s] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *See Saffle*, 494 U.S. at 495. The "new rule" invoked by Allain, namely that due process bars relitigation of motions to suppress decided in favor of criminal defendants, would, in effect, extend the exclusionary rule, a remedy which the Supreme Court has deliberately distinguished from the constitutional rights it protects. *See, e.g., United States v. Leon*, 468 U.S. 897, 906, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (stating that the exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved.") Because suppression is not a personal right and does not render criminal proceedings more accurate, the "new rule" in this case does not fit the second *Teague* exception.

### III. *Conclusion*

Under *Teague*, because the rule of constitutional law invoked by Allain is a "new rule" that does not fit either of the two exceptions to the non-retroactivity principle, this Court may not grant habeas corpus relief on that basis. *See also Nichols v. Scott*, 69 F.3d 1255, 1268–74 (5th Cir.1995) (holding that the district court erred in granting habeas corpus relief on the basis of "principles of estop-

pel and due process" because the district court applied a "new rule" under *Teague* ). Allain provides no alternative ground for vacating his conviction and this Court will, therefore, deny his request for relief and dismiss his petition.

### ORDER

For the foregoing reasons, Allain's Petition for Habeas Corpus Relief is **DISMISSED**.

So ordered.