COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 DANIEL COCHRAN,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00395-CR
  
 Appeal from the
  
 168th District Impact Court
  
 of El Paso County, Texas 
  
 (TC# 20020D02699) 
  
 
 


OPINION DISMISSING APPEAL

ON COURT=S OWN MOTION

 

This attempted appeal is before the
Court on its own motion for determination of jurisdiction.  Finding that the order appealed from is not a
final judgment, nor an interlocutory order made appealable by statute, we dismiss
the attempted appeal.








In this criminal case, Daniel Cochran
filed a motion to suppress, the nature of which is not in the record before
this Court.  The trial court denied the
motion on August 14, 2002.  Cochran filed
a Motion for Leave of Court to File Appeal in the trial court, which was
granted on September 13, 2002.  He then
filed a notice of appeal on the same day, stating he was appealing from the
order denying his motion to suppress. 
That same day, this Court sent the parties our notice of intent to
dismiss the appeal for lack of jurisdiction if within ten days no party could
show grounds for continuing the appeal. 
The only response we have received to that notice is a request from
appellant=s counsel for an extension of time to
file a response.  This extension was
granted.  The deadline has now lapsed and
no substantive response has been received by this Court.

Denial
of Suppression Motion not Appealable








Generally, we only have jurisdiction
to consider an appeal by a criminal defendant where there has been a judgment
of conviction.  Ex parte Culver,
932 S.W.2d 207, 210 (Tex. App.--El Paso 1996, pet. ref=d); McKown v. State, 915
S.W.2d 160, 161 (Tex. App.--Fort Worth 1996, no pet.).  We do not have jurisdiction to review
interlocutory orders unless that jurisdiction has been expressly granted to us
by law.  Apolinar v. State, 820
S.W.2d 792, 794 (Tex. Crim. App. 1991); Culver, 932 S.W.2d at 210; McKown,
915 S.W.2d at 161.  A defendant=s appeal from the denial of a motion
to suppress is not an exception to the general rule that interlocutory orders
are not appealable.  See Tex.
Code Crim. Proc. Ann. art. 44.02 (Vernon 1979); McKown, 915
S.W.2d at 161.[1]  Further, although the process of civil
appeals allows for a district court to issue a written order of interlocutory
appeal in otherwise unauthorized civil actions, no such provision is provided
for criminal interlocutory appeals.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 51.014(d) (Vernon Supp. 2002); Tex. Code Crim. Proc. Ann. art. 44.02.

Conclusion

We lack jurisdiction to address the
issue in this attempted appeal at this time, as the denial of a defendant=s motion to suppress evidence is not
immediately appealable.  We therefore
dismiss the appeal for lack of jurisdiction.

 

SUSAN
LARSEN, Justice

October 31, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)

 











[1]The
State is expressly granted the right to an interlocutory appeal of the granting
of a suppression motion.  Tex. Code Crim. Proc. Ann. art.
44.01(a)(5) (Vernon Supp. 2002).  No reciprocal right is granted to the
defendant, however, where a motion to suppress is denied.