COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| RICARDO HECTOR DOMINGUEZ, | | No. 08-10-00352-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 205th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 74534) |
| | § | |

**<u>MEMORANDUM OPINION</u>**

Ricardo Hector Dominguez attempts to appeal from an order denying his amended motion for new trial. We dismiss the appeal for want of jurisdiction.

In 1995, Appellant was convicted on his guilty plea of unlawful possession of between four ounces and five pounds of marijuana, a third-degree felony. In 2009, he filed in the district court a *pro se* application for a writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. Among other things, he contended that the actual weight of the marijuana, without its wrapper, was less than four ounces; thus, he was guilty only of a misdemeanor rather than a felony. In connection with his habeas application, Appellant filed a motion for new trial and amended motion for new trial in the district court. The district court denied the amended motion on November 23, 2010, and Appellant filed a notice of appeal from that order on December 1, 2010. On December 15, 2010, the Court of Criminal Appeals dismissed the habeas application without written order.

By letter dated January 5, 2011, the clerk of this Court advised Appellant that an order denying a motion for new trial is not an appealable order. The letter stated that unless Appellant

could show grounds for continuing the appeal within ten days, the appeal would be dismissed without further notice. Appellant submitted a timely response, stating that his habeas application raised a meritorious jurisdictional issue, which may be raised at any time. This does not demonstrate that we have jurisdiction over the appeal.

As a general rule, we only have jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction. *See Ex parte Culver*, 932 S.W.2d 207, 210 (Tex.App.--El Paso 1996, pet. ref'd). The denial of a motion for new trial is not an independently appealable order. *See Blue v. State*, Nos. 10-08-00316-CR & 10-08-00325-CR, 2008 WL 4427239, at *1 (Tex.App.--Waco Oct. 1, 2008, no pet.)(not designated for publication); *Graves v. State*, No. 14-05-00034-CR, 2005 WL 309977, at *1 (Tex.App.--Houston [14th Dist.] Feb. 10, 2005, no pet.)(not designated for publication); *Jenkins v. State*, No. 12-01-00331-CR, 2001 WL 1622260, at *1 (Tex.App.--Tyler Dec. 19, 2001, no pet.)(not designated for publication).

Moreover, Article 11.07 sets forth the exclusive method for challenging a final felony conviction. *See* TEX.CODE CRIM.PROC.ANN. art. 11.07, § 5 (West Supp. 2010). "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d 715, 718 (Tex.App.--Houston [1st Dist.] 2001, orig. proceeding).

The appeal is dismissed for lack of jurisdiction.

February 28, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)