COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





RICARDO HECTOR DOMINGUEZ,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-10-00352-CR

Appeal from
 205th District Court

of El Paso County, Texas

(TC # 74534)



 

 

 




MEMORANDUM OPINION

            Ricardo Hector Dominguez attempts to appeal from an order denying his amended motion
for new trial. We dismiss the appeal for want of jurisdiction. 
            In 1995, Appellant was convicted on his guilty plea of unlawful possession of between four
ounces and five pounds of marijuana, a third-degree felony. In 2009, he filed in the district court a
pro se application for a writ of habeas corpus pursuant to Article 11.07 of the Texas Code of
Criminal Procedure. Among other things, he contended that the actual weight of the marijuana,
without its wrapper, was less than four ounces; thus, he was guilty only of a misdemeanor rather than
a felony. In connection with his habeas application, Appellant filed a motion for new trial and
amended motion for new trial in the district court. The district court denied the amended motion on
November 23, 2010, and Appellant filed a notice of appeal from that order on December 1, 2010. 
On December 15, 2010, the Court of Criminal Appeals dismissed the habeas application without
written order.
            By letter dated January 5, 2011, the clerk of this Court advised Appellant that an order
denying a motion for new trial is not an appealable order. The letter stated that unless Appellant
could show grounds for continuing the appeal within ten days, the appeal would be dismissed
without further notice. Appellant submitted a timely response, stating that his habeas application
raised a meritorious jurisdictional issue, which may be raised at any time. This does not demonstrate
that we have jurisdiction over the appeal. 
            As a general rule, we only have jurisdiction to consider an appeal by a criminal defendant
from a final judgment of conviction. See Ex parte Culver, 932 S.W.2d 207, 210 (Tex.App.--El Paso
1996, pet. ref’d). The denial of a motion for new trial is not an independently appealable order. See
Blue v. State, Nos. 10-08-00316-CR & 10-08-00325-CR, 2008 WL 4427239, at *1 (Tex.App.--Waco
Oct. 1, 2008, no pet.)(not designated for publication); Graves v. State, No. 14-05-00034-CR, 2005
WL 309977, at *1 (Tex.App.--Houston [14th Dist.] Feb. 10, 2005, no pet.)(not designated for
publication); Jenkins v. State, No. 12-01-00331-CR, 2001 WL 1622260, at *1 (Tex.App.--Tyler Dec.
19, 2001, no pet.)(not designated for publication).
            Moreover, Article 11.07 sets forth the exclusive method for challenging a final felony
conviction. See Tex.Code Crim.Proc.Ann. art. 11.07, § 5 (West Supp. 2010). “Article 11.07
contains no role for the courts of appeals; the only courts referred to are the convicting court and the
Court of Criminal Appeals.” In re McAfee, 53 S.W.3d 715, 718 (Tex.App.--Houston [1st Dist.]
2001, orig. proceeding).
            The appeal is dismissed for lack of jurisdiction. 

February 28, 2011                                                       
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)