

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JESUS MIRELES, | § | No. 08-18-00139-CR |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 384th District Court |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20170D04852) |

## MEMORANDUM OPINION

This appeal is before the Court on its own motion to determine whether it should be dismissed for want of jurisdiction. We dismiss the appeal.

Appellant, Jesus Mireles, filed a notice of appeal from two interlocutory orders: (1) an order denying Appellant's motion to dismiss for violation of the Double Jeopardy prohibition against multiple punishments, and (2) an order denying Appellant's motion to require the State to elect to prosecute him on either Count I or Count II, but not both. The Clerk of the Court sent notice to Appellant of the Court's intent to dismiss his appeal for lack of jurisdiction and asked him to file any response within ten days. Appellant did not file a response.

This Court's jurisdiction is derived from the Texas Constitution which provides that the courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law." TEX.CONST. art. V, § 6(a). Consequently, a party may appeal only that which

the Legislature has authorized. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex.Crim.App. 1992). Article 44.02 provides that a defendant in any criminal action has the right of appeal under the rules hereinafter prescribed. TEX.CODE CRIM.PROC.ANN. art. 44.02 (West 2018). This statutory right of appeal has been interpreted as allowing appeal from a final judgment of conviction. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex.Crim.App. 1990); *Ex parte Culver*, 932 S.W.2d 207, 210 (Tex.App.--El Paso 1996, pet. ref'd). The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991); *Culver*, 932 S.W.2d at 210. No statute or rule authorizes an interlocutory appeal from an order denying a motion to dismiss in a criminal case or a motion to require the State to elect.

It is well established that a defendant may appeal from the denial of a pretrial application for writ of habeas corpus alleging double jeopardy. *See Ex parte Rathmell*, 717 S.W.2d 33, 34 (Tex.Crim.App. 1986); *Ex parte Robinson*, 641 S.W.2d 552 (Tex.Crim.App. 1982). A motion to dismiss a prosecution on double jeopardy grounds and a motion to require the State to elect which count it will prosecute are not the equivalent of a pretrial writ of habeas corpus. *See Apolinar*, 820 S.W.2d at 794 (prohibiting appellate courts from considering a special plea as the equivalent of a pretrial writ of habeas corpus). We conclude that we lack jurisdiction of the instant appeal. *See Murrile v. State*, No. 03-11-00190-CR, 2011 WL 3891492, at *1 (Tex.App.--Austin Aug. 31, 2011, no pet.)(mem. op., not designated for publication)(holding that court of appeals lacked jurisdiction of interlocutory appeal of order denying defendant's motion to dismiss based on double jeopardy grounds).[1] The appeal is dismissed for lack of jurisdiction.

---

[1] The Austin Court of Appeals subsequently heard an appeal from the denial of Murrile's pretrial application for writ of habeas corpus based on double jeopardy grounds. *Ex parte Murrile*, No. 03-11-00830-CR, 2012 WL 1810202 (Tex.App.--Austin May 16, 2012, no pet.)(mem. op., not designated for publication).

GINA M. PALAFOX, Justice

September 5, 2018

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)