COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

JEREMIAH SUSTAITA,                                                    No. 08-18-00142-CR

§

        Appellant,                                              Appeal from the

§

v.                                                                          34th District Court

§

THE STATE OF TEXAS,                                          of El Paso County, Texas

§

        Appellee.                                         (TC# 20150D00821)

§

## MEMORANDUM OPINION

This appeal is before the Court on its own motion to determine whether it should be dismissed for want of jurisdiction. We dismiss the appeal.

Appellant, Jeremiah Sustaita, filed a notice of appeal from the trial court's order denying his motion to dismiss the indictment. The Clerk of the Court sent notice to Appellant of the Court's intent to dismiss his appeal for lack of jurisdiction and asked him to file any response within ten days. Appellant filed a response but he did not provide the Court with any authority establishing it has jurisdiction of his appeal.

This Court's jurisdiction is derived from the Texas Constitution which provides that the courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law." TEX.CONST. art. V, § 6(a). Consequently, a party may appeal only that which the Legislature has authorized. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex.Crim.App.1992).

Article 44.02 provides that a defendant in any criminal action has the right of appeal under the rules hereinafter prescribed. TEX.CODE CRIM.PROC.ANN. art. 44.02 (West 2018). This statutory right of appeal has been interpreted as allowing appeal from a final judgment of conviction. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex.Crim.App. 1990); *Ex parte Culver*, 932 S.W.2d 207, 210 (Tex.App.--El Paso 1996, pet. ref'd). The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991); *Culver*, 932 S.W.2d at 210. No statute or rule authorizes an interlocutory appeal from an order denying a motion to dismiss the indictment.

We conclude that the interlocutory order denying Appellant's motion to dismiss the indictment for lack of jurisdiction is not an appealable order. *See Mendoza v. State,* No. 06-17-00121-CR, 2017 WL 3908216, at *2 (Tex.App.--Texarkana Aug. 9, 2017, pet. ref'd)(mem. op., not designated for publication)(dismissing appeal from interlocutory orders denying defendant's motion to dismiss the indictment and motion for speedy trial); *Ahmad v. State*, 158 S.W.3d 525, 526 (Tex.App.--Fort Worth 2004, pet. ref'd)(dismissing appeal from interlocutory order denying defendant's motion to set aside indictment based on claim that prosecution was barred by statute of limitations). The appeal is dismissed for lack of jurisdiction.

GINA M. PALAFOX, Justice

September 5, 2018

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)