

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-18-00160-CR |
| | § | |
| | | Appeal from |
| EX PARTE: ANTHONY CORDOVA | § | |
| | | 205th District Court |
| | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC # 20100D03901) |
| | § | |
| | § | |

## <u>CORRECTED MEMORANDUM OPINION</u>

Anthony Cordova, *pro se*, filed notice of appeal in the above-styled and numbered cause. We dismiss the appeal for lack of jurisdiction.

Appellant entered a plea of guilty on November 2, 2012 and was convicted of sexual assault. The trial court sentenced Appellant to imprisonment for nine years. Appellant did not appeal. In his notice of appeal filed in this Court, Appellant states that he filed a notice of appeal on April 20, 2018 from "64 Chapter" but he has not received any answer. We have construed Appellant's citation to "64 Chapter" as referring to Chapter 64 of the Code of Criminal Procedure which governs post-conviction DNA testing. *See* TEX.CODE CRIM.PROC.ANN. art. 64.01 (West 2018). We have reviewed the District Clerk's register of actions for this case and note the records do not reflect that Appellant filed a motion for DNA testing or that the trial court ruled on such a motion.[1] The register of actions shows that Appellant filed an Article 11.07 writ of habeas corpus

---

[1] Rule 201(b) permits a court to take judicial notice of a fact that is not subject to reasonable dispute because it is generally known within the court's territorial jurisdiction or it can be accurately and readily determined from sources

on April 3, 2018. The Court of Criminal Appeals received the habeas application on April 26, 2018 and denied habeas corpus relief without written order on May 9, 2018. *See Ex parte Anthony Cordova*, No. WR-88,368-01 (Tex.Crim.App. May 9, 2018).

This Court's jurisdiction is derived from the Texas Constitution which provides that the courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law." TEX.CONST. art. V, § 6(a). Consequently, a party may appeal only that which the Legislature has authorized. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex.Crim.App. 1992). Article 44.02 provides that a defendant in any criminal action has the right of appeal under the rules hereinafter prescribed. TEX.CODE CRIM.PROC.ANN. art. 44.02 (West 2018). This statutory right of appeal has been interpreted as allowing appeal from a final judgment of conviction. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex.Crim.App. 1990); *Ex parte Culver*, 932 S.W.2d 207, 210 (Tex.App.--El Paso 1996, pet. ref'd). The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991); *Culver*, 932 S.W.2d at 210.

Appellant has not filed a motion for DNA testing pursuant to Chapter 64 of the Code of Criminal Procedure, and there is nothing to indicate the trial court has entered an appealable interlocutory order. Finding that we lack jurisdiction, we dismiss the appeal.

October 17, 2018
                                        ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

---

whose accuracy cannot reasonably be questioned. TEX.R.EVID. 201(b). An appellate court has the discretion to take judicial notice of adjudicative facts that are matters of public record. *See* TEX.R.EVID. 201(b), (c); *see In re Estate of Hemsley*, 460 S.W.3d 629, 638 (Tex.App.--El Paso 2014, pet. denied). In this case, we have reviewed the records of the El Paso County District Clerk for 20100D03901 to determine whether the trial court entered an appealable order.