

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| CHRISTOPHER SALCIDO, | | No. 08-21-00148-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 346th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (20190D02393) |
| | § | |

## MEMORANDUM OPINION

Appellant, Christopher Salcido, *pro se*, is attempting to appeal the trial court's order denying his motion to dismiss. This appeal is before the Court on its own motion to determine if it should be dismissed for want of jurisdiction. Because there is no appealable order, we dismiss the appeal for want of jurisdiction.

On December 1, 2020, Appellant's former counsel filed a "Motion to Dismiss Extradition." The dismissal motion was based on the purported failure of the State to extradite Appellant. On July 15, 2021, the trial court denied the motion to dismiss.

On September 1, 2021, the Court's clerk sent Appellant, Christopher Salcido, *pro se*, notice that it appeared there is no appealable order at issue in this case and was not timely perfected. On September 7, 2021, the trial court appointed the El Paso County Public Defender to represent Appellant in the ongoing trial court proceedings. No response was received from Appellant. On

September 13, 2021, we received a letter from Appellant's newly-appointed counsel agreeing no appealable order exists and this appeal should be dismissed.

This Court's jurisdiction is derived from the Texas Constitution which provides that the courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law." TEX.CONST. art. V, § 6(a). Consequently, a party may appeal only that which the Legislature has authorized. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex.Crim.App. 1992). Article 44.02 provides that a defendant in any criminal action has the right of appeal under the rules hereinafter prescribed. TEX.CODE CRIM.PROC.ANN. art. 44.02. This statutory right of appeal has been interpreted as allowing appeal from a final judgment of conviction. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex.Crim.App. 1990); *Ex Parte Culver*, 932 S.W.2d 207, 210 (Tex.App.—El Paso 1996, pet. ref'd). The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991); *Culver*, 932 S.W.2d at 210. No statute or rule authorizes an interlocutory appeal from an order denying a motion to dismiss.

We conclude the interlocutory order denying Appellant's motion to dismiss the indictment is not an appealable order. *See Mendoza v. State,* No. 06-17-00121-CR, 2017 WL 3908216, at *2 (Tex.App.—Texarkana Aug. 9, 2017, pet. ref'd)(mem. op., not designated for publication)(dismissing appeal from interlocutory orders denying defendant's motion to dismiss the indictment and motion for speedy trial); *Ahmad v. State*, 158 S.W.3d 525, 526 (Tex.App.—Fort Worth 2004, pet. ref'd)(dismissing appeal from interlocutory order denying defendant's motion to set aside indictment based on claim that prosecution was barred by statute of limitations). The appeal is dismissed for lack of jurisdiction.

October 27, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)