## COMMONWEALTH vs. ROMAN GONZALEZ.

Middlesex.   November 3, 1982. — April 25, 1983.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Rape.  Constitutional Law,* Double jeopardy.  *Practice, Criminal,* Double jeopardy, Probable cause hearing.

A District Court proceeding held after the issuance of a complaint charging the defendant with rape constituted merely a probable cause hearing on the charge of rape, and not a bench trial for the lesser included offense of assault and battery, so that consequently the defendant's later trial in the Superior Court, on an indictment charging rape based on the same occurrence, was not barred under the double jeopardy principle. [869-870]

INDICTMENT found and returned in the Superior Court Department on January 22, 1980.

The case was tried before *Irwin,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Jane Larmon White* for the defendant.

*Peter W. Agnes,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J.   After trial by jury in the Superior Court, Roman Gonzalez was convicted of rape.[1]   The sole issue on appeal is whether the prosecution in the Superior Court for rape was barred by the guaranties against double jeopardy provided by the law of this Commonwealth and the Fifth Amendment to the United States Constitution.   Gonzalez asserts that proceedings in the District Court barred his subsequent prosecution for rape in the Superior Court.   We

---

[1] The defendant was sentenced to three to six years' imprisonment at the Massachusetts Correctional Institution, Walpole.

granted the defendant's application for direct appellate review. We affirm the defendant's conviction of rape.[2]

We summarize the facts and procedural history of the case. On the evening of December 1, 1978, the complainant, a college student, was socializing with her friends in Boston. During the evening, she encountered the defendant, whom she had previously met through a recent boy friend. The defendant mentioned that the boy friend had discussed the complainant with him. As she was anxious to learn about the conversation, the complainant drove the defendant to a restaurant to talk, in the early hours of December 2, 1978. When they arrived, he made advances to her in the parking lot, which she emphatically rejected.

After a short discussion, the complainant agreed to drive the defendant to his home in Somerville. As they arrived at a dark and deserted street, the complainant said that Gonzalez took the automobile keys from the ignition, made more advances, and then struggled with her when she resisted. She stated that, as he pulled off her jeans and graphically told her he would rape her, she fell out of the automobile. When the defendant threatened to "knock [her] out" if she did not return, the complainant got back inside the automobile. The defendant then threatened to kill her if she did not stop screaming, and he began to choke her. The complainant tried to repel Gonzalez, but finally he forcibly penetrated her. A few minutes later, the defendant left the automobile.

The complainant returned home. Later that morning, the complainant told several of her friends that she had been raped. One friend, who knew Gonzalez as well, saw bruises and scratches on the complainant's neck. The next day the complainant told her parents of the incident, and her mother brought her to the offices of an attorney the

---

[2] The defendant does not allege or argue any error in his trial in the Superior Court. Thus, we concern ourselves only with the defendant's claim of double jeopardy. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975); *Commonwealth* v. *Cundriff*, 382 Mass. 137, 150 n.22 (1980), cert. denied, 451 U.S. 973 (1981).

following day. Thereafter, the complainant visited a doctor and told him that she had been raped. The doctor observed scratches on both sides of the complainant's neck.

Approximately ten days after the rape, a complaint issued against the defendant for rape. Approximately three months later, on March 16, 1979, a hearing was held on the rape complaint. The defendant was represented by counsel. After the hearing ended, a complaint for assault and battery issued against the defendant.[3] The judge noted on the record that sufficient facts were found for probable cause on the rape charge, but he continued the matter for approximately six months for the entry of findings. The judge indicated that, at that time, he would find no probable cause on the rape complaint and would find the defendant guilty of assault and battery. These intended findings were implicitly linked to an accord and satisfaction agreement between the defendant and the complainant, which the judge noted was to be filed. Under this agreement, the defendant had six months in which to pay the complainant $2,000, of which $1,500 was to be paid as a fee to her attorney. In addition, the defendant agreed to seek psychiatric counseling.[4]

---

[3] The attorneys in the Superior Court and on appeal were not the attorneys in the District Court.

[4] We note that an accord and satisfaction agreement between a defendant and a victim on a charge of rape is unlawful. A judge may discharge the defendant from an indictment or complaint on "a charge of assault and battery or other misdemeanor for which he is liable in a civil action, unless the offence was committed . . . with intent to commit a felony," when a victim appears in court acknowledging that she "has received satisfaction for the injury." G. L. c. 276, § 55. At most, the accord and satisfaction in this case might have prompted a discharge of the complaint for assault and battery. It is improper for a judge or district attorney to sanction such an agreement attempting to discharge a complaint of rape, and it was inappropriate for the complainant's lawyer to arrange it. Cf. *Commonwealth* v. *Tabor,* 376 Mass. 811, 818 (1978). "The reason that a private agreement, made in consideration of the suppression of a prosecution for crime, is illegal, is that it tends to benefit an individual at the expense of defeating the course of public justice." *Partridge* v. *Hood,* 120 Mass. 403, 405 (1876). See *Commonwealth* v. *Dowdican's Bail,* 115 Mass. 133, 136-137 (1874).

The defendant paid the complainant $300 at the time he entered into the agreement, and later visited a psychiatrist. However, he failed to make any other payments pursuant to the accord and satisfaction. At the end of six months, the case was brought forward and the defendant defaulted. The judge again continued the case. Approximately four months later, the judge found probable cause on the rape complaint and noted, "Grand Jury by agm't of all parties." The judge declined jurisdiction on the assault and battery complaint, and the defendant was bound over to the grand jury, again "by agm't of all parties." The defendant was indicted for rape. Prior to trial he filed a motion to dismiss the indictment, which was denied. Approximately a year and a half later, the defendant was tried and convicted of rape.[5]

The defendant asserts that his Superior Court trial violated his right to protection against double jeopardy, provided by the Fifth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, and by the law of the Commonwealth. The defendant claims that the March 16, 1979, hearing in the District Court was a bench trial on the charge of assault and battery. Since assault and battery necessarily is included within a charge of rape, the defendant concludes that his subsequent prosecution for rape in the Superior Court is barred. We do not agree.

To assess whether the defendant's claim of double jeopardy is proper, we must consider two factors: "(1) whether the party pleading it has in truth theretofore been put in jeopardy, and (2) whether, if that be established, it can rightly be said to have been for the same offence." *Commonwealth* v. *McCan*, 277 Mass. 199, 201 (1931), citing *Commonwealth* v. *Roby*, 12 Pick. 496, 502 (1832). The defendant has the burden to demonstrate that his Superior Court trial was barred under the principle of double jeop-

---

[5] There was no indictment or trial in the Superior Court for assault and battery. Additionally, at the trial for rape, the Superior Court judge did not charge on assault and battery as a lesser included offense.

ardy due to the previous trial for the same offense in a District Court. *Commonwealth* v. *Lovett*, 374 Mass. 394, 397 (1978). See *Serfass* v. *United States*, 420 U.S. 377 (1975). We conclude that he has failed to meet this burden.

The determination whether the defendant was subjected to double jeopardy in this case depends on whether jeopardy also attached at the March 16, 1979, District Court hearing. If the March 16 hearing was a bench trial for assault and battery, as the defendant asserts, jeopardy attached when the judge began to receive evidence. *United States* v. *Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977). See *Commonwealth* v. *Graham*, ante 115, 126 (1983). However, if the hearing was merely a probable cause hearing on rape, as suggested by the Commonwealth,[6] jeopardy did not attach at that time. *Commonwealth* v. *Maloney*, 385 Mass. 87, 89 (1982). *Commonwealth* v. *Clemmons*, 370 Mass. 288, 291 (1976).

We believe the record demonstrates that the hearing was a probable cause hearing and not a trial on the merits. The defendant concedes that the complaint for assault and battery was issued after the hearing. Therefore, at the time of the hearing, the only complaint before the judge was the rape complaint, issued in December, 1978. Since the District Courts do not have jurisdiction over rape,[7] the March 16 hearing on the rape complaint could only have been a probable cause hearing on the rape charge and not a trial on the assault and battery charge.[8] At the probable

---

[6] The judge found sufficient facts for probable cause on the rape charge on March 16, 1979, and entered his finding of probable cause on January 8, 1980. The judge declined jurisdiction on the assault and battery complaint.

[7] The District Courts have jurisdiction over those felonies "punishable by imprisonment in the state prison for not more than five years." G. L. c. 218, § 26, as amended through St. 1982, c. 373, § 19. Unaggravated rape is punishable by up to twenty years in State prison, G. L. c. 265, § 22 (*b*), and therefore cannot be adjudicated in a District Court.

[8] Given this situation, the rule in *Corey* v. *Commonwealth*, 364 Mass. 137, 142 n.7 (1973), requiring a District Court judge to announce whether he is conducting a probable cause hearing, does not apply. The judge only had jurisdiction to conduct a probable cause hearing on the

cause hearing, "the District Court was without power to make any determination regarding petitioner's guilt or innocence." *Serfass* v. *United States,* 420 U.S. 377, 389 (1975).[9] Therefore, the defendant was not placed in jeopardy by the hearing.

We conclude that the Superior Court trial on the charge of rape did not subject the defendant to double jeopardy, and hence there was no error in denying the motion to dismiss.

*Judgment affirmed.*

---

rape charge. If the defendant had sought a trial before the judge on the assault and battery complaint, he would have been entitled to a bench trial and a trial de novo. See G. L. c. 218, § 26A; *Lydon* v. *Commonwealth,* 381 Mass. 356, cert. denied, 449 U.S. 1065 (1980); *Lydon* v. *Boston Municipal Court,* 698 F.2d 1 (1st Cir. 1982). The fact that the defendant filed a jury waiver, presumably at the time the assault and battery complaint issued, is not inconsistent with his right to two trials. See G. L. c. 218, § 26A. Cf. *Ciummei* v. *Commonwealth,* 378 Mass. 504 (1979) (colloquy now required for jury waivers).

[9] Since we conclude that the only proceeding before the District Court judge was a probable cause hearing, we do not reach the defendant's argument that *Brown* v. *Ohio,* 432 U.S. 161 (1977), abrogates the well-established rule that jeopardy does not extend to an offense beyond a court's jurisdiction. See *Diaz* v. *United States,* 223 U.S. 442, 449 (1912); *Grafton* v. *United States,* 206 U.S. 333, 345 (1907); *United States* v. *Ball,* 163 U.S. 662, 669 (1896); *Commonwealth* v. *Mahoney,* 331 Mass. 510, 513-514 (1954); *Commonwealth* v. *Jones,* 288 Mass. 150, 152 (1934); *Commonwealth* v. *McCan,* 277 Mass. 199, 204-205 (1931); *Commonwealth* v. *Nazzaro,* 7 Mass. App. Ct. 859 (1979). See also *Commonwealth* v. *Lovett,* 374 Mass. 394, 398 (1978). Cf. *Commonwealth* v. *Clemmons,* 370 Mass. 288, 294-295 (1976) (double jeopardy existed where lower court had jurisdiction over offense also tried in Superior Court). We note that neither the United States Supreme Court nor this court has adopted the "same transaction" rule, which requires "that all charges arising out of the same incident or transaction be presented and prosecuted together." *Commonwealth* v. *Gallarelli,* 372 Mass. 573, 578 (1977). See *Brown* v. *Ohio, supra* at 170 (Brennan, J., concurring); *Ashe* v. *Swenson,* 397 U.S. 436, 453-454 (1970) (Brennan, J., concurring). See also *Stephens* v. *Zant,* 631 F.2d 397, 401 (5th Cir. 1980). Such a rule is not constitutionally mandated unless successive prosecutions are used to harass the defendant. *Gallarelli, supra* at 578-579. Conduct designed to harass is not at issue here.