JOSE E. CARRASQUILLO *vs.* COMMONWEALTH. June 12, 1996. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Constitutional Law,* Double jeopardy. *Conspiracy. Homicide. Due Process of Law,* Collateral estoppel.

Jose E. Carrasquillo (defendant), after acquittal by a jury on an indictment charging murder in the first degree, moved to dismiss a pending indictment against him for conspiracy to commit the same murder. A judge in the Superior Court, who was not the trial judge, denied the defendant's motion on the merits. The defendant appealed from the ruling to a single justice of this court pursuant to G. L. c. 211, § 3 (1994 ed.), who affirmed the denial of the motion. The defendant now seeks to appeal from the decision of the single justice, pursuant to S.J.C. Rule 2:21, 421 Mass. 1303 (1995). Appellate review under rule 2:21 is available only where the single justice denies relief from an interlocutory ruling and does not report the ruling to the full bench. An appeal from a ruling under G. L. c. 211, § 3, such as is involved here, lies with the full bench of the Supreme Judicial Court. See *Neverson* v. *Commonwealth,* 406 Mass. 174, 175 & n.2 (1989). We nonetheless have reviewed the defendant's arguments and agree with the single justice that they are without merit.

Double jeopardy principles do not bar prosecution against a defendant for both conspiracy to commit a crime and for the substantive crime itself. See *Commonwealth* v. *Gallarelli*, 372 Mass. 573, 576-577 (1977), and cases cited; Mass. R. Crim. P. 9 (e), 378 Mass. 859 (1979). Rather, the defendant argues that, since the jury found him not guilty of the underlying murder, the principle of collateral estoppel embodied in the double jeopardy clauses of the Fifth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights precludes the Commonwealth from trying the indictment charging conspiracy to commit murder. See *Ashe* v. *Swenson*, 397 U.S. 436, 445 (1970). Collateral estoppel bars the Commonwealth from relitigating an issue of ultimate fact already determined in the defendant's favor in a valid and final judgment. The defendant raising the bar must show that the fact is common to both proceedings and was determined in prior litigation in the defendant's favor. See *Ashe* v. *Swenson*, *supra* at 443; *Commonwealth* v. *Lopez*, 383 Mass. 497, 499 (1981). The only fact determined in the prior trial was that the defendant did not shoot the victim. This fact is not necessary to prove a conspiracy to commit murder, which crime is complete on the formation of the unlawful agreement. *Commonwealth* v. *Cerveny*, 387 Mass. 280, 288 (1982), and cases cited. Prosecution of the conspiracy charge is not barred by collateral estoppel or on due process grounds.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Linda J. Thompson* for the plaintiff.

*Judith E. Osburn*, Assistant District Attorney, & *Carmen Picknally*, Assistant District Attorney, for the Commonwealth.