BRENDAN McGUINNESS *vs.* COMMONWEALTH. July 9, 1996. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Double jeopardy.

Brendan McGuinness (defendant) moved to dismiss an indictment charging assault and battery on a correctional officer. The defendant argued that

---

[1]Ugo DiBiase and the DiBiase Corporation.

he had already been punished for this offense by a thirty-month confinement in a departmental disciplinary unit, and thus criminal prosecution would subject him to double jeopardy. A Superior Court judge denied the defendant's motion, and he requested relief pursuant to G. L. c. 211, § 3 (1994 ed.). A single justice of this court denied relief, and the defendant appealed, following the procedure stated in S.J.C. Rule 2:21, 421 Mass. 1303 (1995). The denial of the defendant's motion to dismiss is an interlocutory ruling in the Superior Court. Because the motion was based on a double jeopardy claim, appellate review of its denial after trial and conviction would not provide adequate relief if the defendant were to prevail on the double jeopardy issue after trial. *Costarelli* v. *Commonwealth*, 374 Mass. 677, 680 (1978). Cf. *Creighton* v. *Commonwealth*, *ante* 1001 (1996). The defendant may pursue his appeal according to the regular appellate process.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Brendan McGuinness,* pro se.

*Robert C. Cosgrove,* Assistant District Attorney, for the Commonwealth.