BRENDAN McGUINNESS *vs.* COMMONWEALTH. February 7, 1997. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Double jeopardy. *Constitutional Law,* Double jeopardy. *Imprisonment,* Enforcement of discipline.

The petitioner, an inmate at Massachusetts Correctional Institution, at Cedar Junction, was indicted in 1994 for assault and battery on a correctional officer. He moved in the Superior Court to dismiss the indictment, claiming he had already been punished for this offense because prison officials had sentenced him to serve thirty months in the prison's departmental disciplinary unit (DDU) and revoked 115 days of "accrued good time." Therefore, he contended, a separate criminal prosecution would subject him to double jeopardy.

A judge in the Superior Court denied the motion to dismiss. The petitioner then sought relief in the county court under G. L. c. 211, § 3. A single justice of this court denied his petition without a hearing. The petitioner has appealed to the full court.

Because the petitioner raises a double jeopardy claim that, if successful, could not adequately be remedied in an ordinary appeal after a trial and conviction, we have permitted him to proceed with this interlocutory appeal. *McGuinness* v. *Commonwealth,* 423 Mass. 1003 (1996). While the appeal has been pending, however, we issued a decision in *Commonwealth* v. *Forte,* 423 Mass. 672 (1996), in which we held that sentences to the DDU did not preclude the subsequent criminal prosecution of the defendants in that case for the same offenses. Our analysis in that case applies with equal force here, and it disposes of the petitioner's appeal.

We need not consider whether the added sanction of loss of good time imposed on the petitioner changes the result. The petitioner does not raise that issue on appeal. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Cf. *Commonwealth* v. *Sneed,* 3 Mass. App. Ct. 33, 34-35 (1975) (holding that the loss of good time deductions followed by a criminal prosecution for the same offense does not violate double jeopardy principles). He focuses solely on the effect of his sentence to the DDU.

*Judgment of the single justice affirmed.*

The case was submitted on briefs.

*Michael A. Murphy* for the plaintiff.

*Robert C. Cosgrove,* Assistant District Attorney, for the Commonwealth.