COMMONWEALTH *vs.* GLEN MATTHEWS. February 7, 1997. *Practice, Criminal,* Double jeopardy. *Constitutional Law,* Double jeopardy. *Imprisonment,* Enforcement of discipline.

The defendant was charged in the Boston Municipal Court with two counts of assault and battery on a correctional officer. The offenses allegedly occurred while the defendant was being held at the Suffolk County jail, awaiting sentencing on an unrelated matter. He moved to dismiss the charges, claiming that he had already been punished for these offenses when jail officials sentenced him to two ten-day terms (one of which was suspended) in a segregated unit within the jail. Therefore, he contended, a separate criminal prosecution for the same offenses would subject him to double jeopardy.

The motion judge allowed the defendant's motion and dismissed the complaint. The Commonwealth appealed from the dismissal. G. L. c. 278, § 28E. We granted the Commonwealth's application for direct appellate review.

After the appeal was transferred to this court, we issued our decision in *Commonwealth* v. *Forte,* 423 Mass. 672 (1996). We held that sentences to the departmental disciplinary unit of a State prison did not bar, on double jeopardy ground, the subsequent criminal prosecutions of the defendants in that case for the same offenses. Our analysis in that case is controlling here. The segregation unit involved in this case, like the disciplinary unit in *Forte,* serves deterrent and remedial purposes, as the motion judge expressly noted, in addition to a punitive purpose. Furthermore, "assuming, without deciding, that prison discipline, at least under some extreme circumstances, may invoke double jeopardy principles," this is hardly a case where the defendant has demonstrated on "the clearest proof" that the sanctions imposed by the officials at the jail were "so extreme in purpose or effect as to be equivalent to a criminal penalty." See *id.* at 677-678.

The order dismissing the complaint is vacated. The case is remanded to the Boston Municipal Court.

*So ordered.*

*John P. Zanini,* Assistant District Attorney, for the Commonwealth.
*Nancy E. P. Connelly* for the defendant.