LAWRENCE GELMETTE *vs.* COMMONWEALTH. October 30, 1997. *Jury and Jurors. Clerk of Court. Practice, Criminal,* Verdict, Reasonable doubt. *Felony-Murder Rule. Homicide.*

The petitioner, Lawrence Gelmette, has been indicted and tried for murder and armed robbery. The jury acquitted him on the armed robbery charge. The judge declared a mistrial on the murder charge because the jury were unable to agree on a verdict.

Prior to being retried on the murder charge, the petitioner filed a petition in the county court pursuant to G. L. c. 211, § 3, claiming that (a) a "verdict" returned by the jury and recorded by an assistant clerk on the murder charge precluded his being retried for murder, (b) his acquittal on the armed robbery charge precluded his being retried for murder in the first degree based on a felony-murder theory, and (c) the evidence at the first trial was insufficient to support a finding of guilty on the murder charge, and so a retrial would be barred by principles of double jeopardy. A single justice denied the petition after a hearing. The petitioner appeals to the full court.[1]

1. As the polling of the jury (at the request of the petitioner) showed, the jury had not reached a true verdict on the murder charge. Eleven jurors had voted to convict the petitioner of manslaughter, and one juror had voted to acquit. This "verdict" was of no effect and, contrary to the petitioner's argument, did not constitute an acquittal on so much of the indictment as charged murder in the first and second degree. See *Commonwealth* v. *Mayfield*, 398 Mass. 615, 630 (1986); *A Juvenile* v. *Commonwealth*, 392 Mass. 52 (1984). This "verdict" should not have been recorded, and the judge acted correctly in ordering that it be vacated.

2. The Commonwealth correctly concedes that it may not retry the petitioner for murder in the first degree based on a felony-murder theory. The petitioner was acquitted by the jury of armed robbery, the only felony on which the felony-murder charge was premised.

3. The evidence adduced by the Commonwealth at the first trial, when properly viewed in the light most favorable to the Commonwealth (and giving the Commonwealth the benefit of all reasonable and possible inferences, see J.R. Nolan & B.R. Henry, Criminal Law § 144 [2d ed. 1988]) was sufficient to warrant a finding that the petitioner, either individually or as a joint venturer, had committed murder.

The petitioner's argument that certain of the Commonwealth's evidence is not credible is more appropriately directed to a jury than to this court. The evidence was not so weak or unbelievable as to be insufficient as a matter of law. We do not, at this interlocutory juncture, address the petitioner's claims that certain evidentiary rulings made by the trial judge were erroneous.

We note that the evidence against the petitioner was by no means overwhelming. The well-settled standard against which we measure the sufficiency of the evidence, however, is merely whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), quoting

---

[1]Because the petitioner's appeal involves an alleged violation of principles of double jeopardy, we have permitted him to proceed with his appeal in the regular course. See S.J.C. Rule 2:21, 421 Mass. 1303 (1995). See also *McGuinness* v. *Commonwealth*, 423 Mass. 1003, 1004 (1996).

*Jackson* v. *Virginia*, 443 U.S. 307, 319 (1979). That standard was met, even if barely, here.

4. In conclusion, the Commonwealth may not retry the petitioner on the charge of murder in the first degree based on a felony-murder theory. The Commonwealth is free to proceed with retrial on a theory of murder in the first degree based on deliberate premeditation.

*So ordered.*

*Russell J. Redgate* for the defendant.

*David B. Mark*, Special Assistant District Attorney, for the Commonwealth.