The case was submitted on the papers filed, accompanied by a memorandum of law.

*Moshe Rothman,* pro se.

RICHARD CEPULONIS *vs.* COMMONWEALTH. January 29, 1998. *Supreme Judicial Court,* Appeal from order of single justice. *Constitutional Law,* Double jeopardy.

The petitioner appeals under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of relief under G. L. c. 211, § 3, by a single justice of this court.

The petitioner, having been indicted on a charge of escape from a correctional institution under G. L. c. 268, § 16, moved to dismiss the indictment, claiming a violation of double jeopardy principles because he had already been fined by the Department of Correction (department) for the alleged escape. Following denial of that motion, he unsuccessfully sought relief from a single justice of this court.

Appellate review of the denial of the motion to dismiss, after trial and conviction, would not provide adequate relief if the petitioner were to prevail on the double jeopardy issue after trial. *McGuinness* v. *Commonwealth*, 423 Mass. 1003, 1004 (1996), and cases cited. As a result, we have sometimes authorized one bringing an appeal under rule 2:21 to pursue the appeal from the judgment of the single justice according to the regular appellate process. See *id.*

Nevertheless, we choose to reach the merits of this double jeopardy claim now, in the interests of promoting judicial economy and avoiding extended delay of the pending trial as this appeal proceeds. See *Carrasquillo* v. *Commonwealth*, 422 Mass. 1014 (1996). We do so without infringing on the petitioner's opportunity to present his claim, for we have reviewed his memorandum under rule 2:21; his petition for relief under G. L. c. 211, § 3; his motion to dismiss the indictment on the ground of double jeopardy; and his related memorandum of law. We also have considered the judge's memorandum of decision and order on the petitioner's motion to dismiss, as well as the Commonwealth's memorandum in opposition to the G. L. c. 211, § 3, petition. We conclude that the single justice did not abuse his discretion or commit a clear error of law. See *Commonwealth* v. *Nettis*, 418 Mass. 715, 717 (1994).

The petitioner, according to the Commonwealth, escaped from the Massachusetts Correctional Institution, Shirley, in September, 1987, and was returned to custody in October, 1996. He was indicted for violating G. L. c. 268, § 16, and was later sanctioned by the department for violating 103 Code Mass. Regs. §§ 430.24(9) and (32) (1993). For the latter offense, the violation of the regulations, he was "sanctioned . . . with restitution of $10,774.00."

The petitioner sought an order dismissing the indictment as violating double jeopardy principles. He contends that the fine does not serve any remedial purpose; that it was imposed as retribution and as a deterrent to hold him ac-

countable; that the fine is so extreme in its purpose or effect as to be the equivalent of a criminal proceeding; that prosecution would not promote administrative interests because they had been addressed; and that the disciplinary proceeding was the functional equivalent of a criminal prosecution.

We have recently considered double jeopardy principles in the context of prison disciplinary measures and criminal punishment. *Commonwealth* v. *Matthews*, 424 Mass. 1007 (1997), and *Commonwealth* v. *Forte*, 423 Mass. 672 (1996). In *Commonwealth* v. *Forte, supra* at 674-675, we explained why we focused solely on the double jeopardy clause of the United States Constitution, and that rationale applies here. We also indicated that the United States Supreme Court had "recognized that, on the clearest proof, a civil penalty might be shown to be so extreme in purpose or effect as to be equivalent to a criminal proceeding." *Id.* at 677. We concluded, on the record, that it had not been demonstrated by the clearest proof that confinement to a departmental disciplinary unit was so extreme as to implicate the double jeopardy clause. *Id.* at 678. See *Commonwealth* v. *Matthews, supra.* We also acknowledged that a civil fine, "imposed solely for the purpose of punishment after a criminal conviction and sentence, would violate the double jeopardy clause." *Commonwealth* v. *Forte, supra* at 677.

Here, the motion judge concluded that the fine was not so extreme as to implicate the double jeopardy clause, and noted that the fine was motivated by more than punishment (i.e., to deter escapes, especially from a minimum security facility, "which violate the trust placed in an inmate and compromise public confidence"). We look to the effect of the fine, as well as its purpose, in determining whether it has a remedial character. *Id.* Moreover, the Commonwealth argues persuasively that the fine has a remedial aspect (compensation for cost of locating, apprehending, and returning) and a deterrent element (demonstrating that good behavior is expected, that bad behavior has adverse consequences); and states that it is, by regulation, a "minor sanction," not a "major" one as was at issue in *Commonwealth* v. *Forte, supra.*

Although the petitioner relies extensively on *United States* v. *Halper*, 490 U.S. 435 (1989), we do not do so. Our *Forte* opinion is guided by the intervening decision in *United States* v. *Ursery*, 518 U.S. 267 (1996). In addition, the Supreme Court recently stated its belief that its "deviation [in *Halper*] from longstanding double jeopardy principles was ill considered"; that the *Halper* test "has proved unworkable"; that the Court has "since recognized that all civil penalties have some deterrent effect"; and that "deterrence 'may serve civil as well as criminal goals.' " *Hudson* v. *United States*, 118 S. Ct. 488, 494, 496 (1997), quoting *United States* v. *Ursery, supra* at 292.

The petitioner has not met his burden.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Richard Cepulonis*, pro se.

*Margaret Peterson Norberg*, Assistant District Attorney, for the Commonwealth.