JAMES CLARK & others[1] *vs.* COMMONWEALTH. August 14, 1998. *Supreme Judicial Court,* Appeal from order of single justice. *Constitutional Law,* Double jeopardy. *Practice, Criminal,* Double jeopardy. *Imprisonment,* Enforcement of discipline.

We consider an appeal under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of relief under G. L. c. 211, §§ 3 and 4A, by a single justice of this court.

The petitioners had filed motions to dismiss in the Superior Court. Based on an alleged violation of double jeopardy principles, Clark, Gaskins, Hullum, Bloom, Carle, and Forte contended that their placement in the departmental disciplinary unit (DDU) at the Massachusetts Correctional Institution, at Cedar Junction, warranted the dismissal of certain pending indictments. The other petitioners challenged their DDU incarceration on other grounds. The Superior Court judge, who considered the double jeopardy claims to be frivolous, denied all the motions to dismiss. The judge also referred to the Commonwealth's argument that the trial of the pending criminal charges should not be stayed during an expected appeal from the judge's decision on the motions to dismiss, and concluded that the double jeopardy claim was frivolous and "not worthy of expedited appellate review at the expense of further delay in the trial[s]." Thus, the judge addressed the matter of a stay.

The subsequent petition for relief under G. L. c. 211, §§ 3 and 4A, indicates it was filed on behalf of "all the defendants" affected by the Superior Court judge's order; alleged a violation of double jeopardy principles if the criminal trials were to proceed; and sought dismissal or other appropriate relief. They also filed a separate motion for a stay of the trials and an order expediting preparation of the transcript. The single justice of this court determined that the petitioners' request that their motions to dismiss be allowed was a matter for the full court, not a single justice, and concluded that their request for a stay of certain criminal prosecutions should be denied. The single justice denied the request for a stay because he decided that the double jeopardy claim lacked substantial merit.

Under rule 2:21, a party may appeal to the full court when a single justice denies relief from a challenged interlocutory ruling in the trial court, and does not report that denial to the full court. Although the petitioners have not provided us with a copy of a motion to the trial court for a stay, or with any Superior Court docket entries, we assume, based on the judge's comment noted above, that the petitioners sought, and the judge denied, a request for a stay. The single justice acted on the request for a stay, not on the motions to dismiss, and under rule 2:21, we review only that action.

---

[1] Tony Gaskins, Lance Hullum, Timothy Bloom, Dana Carle, Angel Ortiz, Miguel Valentin, Antyan Pridgett, Kevin Bush, Gary Bon, Raul Casanova, John Carter, Demond Hicks, Joseph Williams, and Casper Forte.

Rule 2:21 (2) requires that the petitioners "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." We have recognized the unique nature of claims based on an alleged violation of double jeopardy principles, and, with the concept of rule 2:21 in mind, have permitted pursuit of an appeal from the ruling of a single justice, according to the regular appellate process. See *Powers* v. *Commonwealth*, 426 Mass. 534, 534-535 (1998); *McGuinness* v. *Commonwealth*, 423 Mass. 1003 (1996). On occasion, we have addressed a petitioner's double jeopardy arguments, presented under rule 2:21, in order to promote judicial economy and to avoid extending the delay of a pending trial. See *Cepulonis* v. *Commonwealth*, 426 Mass. 1010 (1998). We do so for those reasons in this unusual situation.

We have reviewed the memorandum filed under rule 2:21; the underlying petition for relief under G. L. c. 211, §§ 3 and 4A; the supporting memorandum, and the supplemental memorandum; and the motion to dismiss and its supporting memorandum. We also have considered the Commonwealth's memorandum and supplemental memorandum in opposition to the petition for relief; the trial judge's thirty-page memorandum of decision and order; and the single justice's memorandum and order. We do not have a transcript of the trial court proceedings. See *Neverson* v. *Commonwealth*, 406 Mass. 174, 176-177 (1989).

The petitioners state that they have been sentenced to the DDU, claim that the DDU sentences are punishment for their crimes, and argue that "second trials" will violate double jeopardy principles. We stated, in a case involving some of the same individuals involved in this appeal, that double jeopardy principles do not necessarily bar both the imposition of prison discipline and criminal prosecution for the same wrongful conduct. *Commonwealth* v. *Forte*, 423 Mass. 672, 673 (1996). While we acknowledged that DDU incarceration has a punitive aspect, we also recognized deterrent and remedial purposes. *Id.* at 676-677.

We also expressed in *Forte* our doubt concerning whether the Federal double jeopardy clause applies to prison discipline and a criminal prosecution based on the same facts.[2] *Id.* at 674. In addition, we noted that the United States Supreme Court had recently "recognized that, on the clearest proof, a civil penalty might be shown to be so extreme in purpose or effect as to be equivalent to a criminal proceeding and the penalty, therefore, subject to the double jeopardy clause." *Id.* at 677, citing *United States* v. *Ursery*, 518 U.S. 267, 290 (1996).

Assuming, without deciding, that prison discipline proceedings and criminal prosecutions based on the same facts may involve double jeopardy principles in this instance, we conclude that, on the record before us, the petitioners have not shown "by the clearest proof that DDU confinement is so extreme . . . in relation to (each petitioner's) wrongdoing that the double jeopardy clause is implicated." *Id.* at 678. See *Commonwealth* v. *Matthews*, 424 Mass. 1007 (1997). Nor can the petitioners be successful under the standards discussed more recently by the United States Supreme Court. See *Hudson* v. *United States*, 522 U.S. 93, 98-102 (1997).

---

[2] For the reason expressed therein, we consider the Federal double jeopardy protection only. See *Commonwealth* v. *Forte*, 423 Mass. 672, 674 (1996).

The motion for an expedited transcript is denied.

The single justice did not abuse his discretion or commit a clear error of law. See *Commonwealth* v. *Nettis*, 418 Mass. 715, 717 (1994).

*Order of the single justice affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Robert C. Cosgrove*, Assistant District Attorney, for the Commonwealth.

*John H. Cunha, Jr.*, for the plaintiffs.