# COMMONWEALTH *vs.* TIMOTHY BLOOM.

No. 00-P-507.

Norfolk. November 2, 2001. - December 28, 2001.

Present: PERRETTA, DUFFLY, & GREEN, JJ.

*Constitutional Law,* Double jeopardy. *Practice, Criminal,* Double jeopardy. *Imprisonment,* Enforcement of discipline.

Prison disciplinary proceedings arising from the defendant's killing of another inmate, while incarcerated at a State correctional facility, which proceedings resulted in the defendant's being sentenced to a departmental disciplinary unit (DDU) for ten years and, upon completion of the defendant's sentence for the crime for which he was already incarcerated, being transferred to a segregation unit at the State facility, rather than to a county jail while awaiting trial on an indictment for murder arising from the same killing, did not give rise to rights under the principle of double jeopardy. [477-479]

INDICTMENT found and returned in the Superior Court Department on December 30, 1996.

The case was tried before *Robert Malcolm Graham,* J.

*Dana Alan Curhan* for the defendant.

*Robert C. Cosgrove,* Assistant District Attorney, for the Commonwealth.

GREEN, J. On December 4, 1996, while serving a sentence at M.C.I., Cedar Junction, for a previous crime, the defendant struck another inmate in the head with a two-by-four piece of wood, killing him. This resulted in the indictment of the defendant for murder in the first degree and a prison disciplinary proceeding for violation of a number of prison rules.[1]

Following a hearing on the violations of prison rules, the Department of Correction sentenced the defendant to the

---

[1]Among the rules violated were rules against violation of any law of the Commonwealth and against killing. See 103 Code Mass. Regs. § 430.24 (1993).

departmental disciplinary unit (DDU) for ten years, the regulatory maximum. See 103 Code Mass. Regs. § 430.25(3) (1993). The ten-year period nominally extended beyond the remaining term of the defendant's sentence for the crime for which he was already incarcerated. Upon completion of his sentence for the previous crime, the defendant was transferred from the DDU to a segregation unit at M.C.I., Cedar Junction, while awaiting trial on the murder indictment. The defendant twice moved to dismiss the indictment, and was denied both times.[2] Following a trial, a jury convicted the defendant of second degree murder. In this appeal, the defendant principally contends that he is entitled to dismissal of the murder charge, because his continued pretrial detention at M.C.I., Cedar Junction, following completion of his previous sentence violates principles of double jeopardy.[3] We affirm the judgment.

Massachusetts common law and the Fifth Amendment to the United States Constitution protect criminal defendants against double jeopardy of three varieties: (i) a second prosecution for the same offense after acquittal; (ii) a second prosecution for the same offense after conviction; and (iii) multiple punishments for the same offense. See *North Carolina* v. *Pearce*, 395 U.S. 711, 717 (1969); *Luk* v. *Commonwealth*, 421 Mass. 415, 419 (1995). A defendant seeking to dismiss an indictment on double jeopardy grounds bears the burden of proof. See *Commonwealth* v. *Gonzalez*, 388 Mass. 865, 868-869 (1983); *Commonwealth* v. *Hrycenko*, 417 Mass. 309, 316 (1994). Jeopardy generally attaches upon commencement of a trial on the merits.

---

[2]Following denial of his first motion, the defendant (together with others who raised similar claims) applied for extraordinary relief under G. L. c. 211, § 3, in the Supreme Judicial Court. The defendant's application was denied by a single justice of that court, and the defendant's appeal from that denial was affirmed. See *Clark* v. *Commonwealth*, 428 Mass. 1011, 1013 (1998).

[3]At oral argument, the defendant waived his appeal directed to the prosecutor's closing argument. In any event, we have considered the claim and it is without merit. The defendant's appeal on double jeopardy grounds directed to the conditions of confinement in the DDU is without merit because, as found by the trial judge and confirmed by the Supreme Judicial Court, the defendant (and the other petitioners joining with him in their application for extraordinary relief) "have not shown 'by the clearest proof that DDU confinement is so extreme . . . in relation to (each petitioner's) wrongdoing that the double jeopardy clause is implicated.' " *Clark* v. *Commonwealth*, 428 Mass. at 1012, quoting from *Commonwealth* v. *Forte*, 423 Mass. 672, 678 (1996).

See *Commonwealth* v. *Maloney*, 385 Mass. 87, 89 (1982); *Commonwealth* v. *Gonzalez*, 388 Mass. 865, 869 (1983). However, jeopardy does not attach (for example) to a probable cause hearing, see *Maloney, supra*, or to proceedings that result in the imposition of a civil rather than a criminal sanction. See *Mahoney* v. *Commonwealth*, 415 Mass. 278, 284 (1993). As a general matter, the imposition of prison discipline is civil in nature and does not bar criminal prosecution for the same wrongful conduct, see *Commonwealth* v. *Forte*, 423 Mass. 672, 676 (1996), though the Supreme Judicial Court has left open the possibility that a civil penalty imposed in a particular case may be "so extreme in purpose or effect as to be equivalent to a criminal proceeding." *Id.* at 677.

As noted above, the defendant has not established that his commitment to the DDU constituted punishment so as to implicate double jeopardy.[4] The defendant nonetheless contends that, upon completion of his sentence for the previous crime, he was entitled to transfer to the county jail, and that his continued detention at M.C.I., Cedar Junction, while awaiting his murder trial constituted "punishment" barring his prosecution.

To the contrary, the defendant has provided no basis on the present record to establish that his pretrial detention at M.C.I., Cedar Junction, was anything other than as authorized by G. L. c. 276, § 52A.[5] Moreover, the defendant has provided no authority for his argument that jeopardy should attach to his continued pretrial detention at the correctional facility. The prison

---

[4] See note 3, *supra*.

[5] General Laws c. 276, § 52A, provides, in pertinent part:

"Persons held in jail for trial may, with the approval of the district attorney, and shall, by order of a justice of the superior court, be removed by the commissioner of correction to a jail in another county, and said commissioner shall, at the request of the district attorney, cause them to be returned to the jail whence they were removed. In addition, such persons, if they have been previously incarcerated in a correctional institution of the commonwealth under sentence for a felony, may, with the approval of the district attorney, be removed by the commissioner of correction to a correctional institution of the commonwealth, and said commissioner shall, at the request of the district attorney, cause them to be returned to the jail where they were awaiting trial."

disciplinary proceeding itself, and the DDU commitment resulting therefrom during the term of his previous sentence, were not events to which jeopardy attached. There is nothing in the present case to distinguish, for purposes of double jeopardy, the defendant's pretrial detention from any other situation in which a defendant is held in custody while awaiting trial. See, e.g., *Commonwealth* v. *Gonzalez, supra.*

The defendant's claim devolves to an objection that he was improperly held at the correctional facility rather than the county jail while awaiting trial for his murder of another inmate. Such circumstances, even if present, do not give rise to rights under principles of double jeopardy.[6]

*Judgment affirmed.*

---

[6]Our holding does not preclude any relief which may otherwise be available to the defendant for any claim arising from improper pretrial detention.