## Jose Luis Rendon-Alvarez *vs.* Commonwealth.

Suffolk. March 4, 2002. - May 24, 2002.

Present: Marshall, C.J., Greaney, Ireland, Cowin, Sosman, & Cordy, JJ.

*Controlled Substances. Constitutional Law,* Double jeopardy. *Practice, Criminal,* Double jeopardy, Instructions to jury. *Joint Enterprise. Accessory and Principal.*

Where the record of a criminal trial in the Superior Court clearly established that the jury had found the defendant guilty of trafficking in cocaine under a joint venture theory and did not find him guilty as a principal, and where, upon remand of the case to the Superior Court after appeal, the motion judge found that there was insufficient evidence of a joint venture, principles of double jeopardy precluded the retrial of the defendant either under the joint venture theory or as a principal. [41-45]

Civil action filed in the Supreme Judicial Court for the county of Suffolk on May 5, 2000.

The case was heard by *Spina,* J.

*Edward L. Hayden* for the defendant.

*John V. Apruzzese,* Assistant District Attorney, for the Commonwealth.

Cowin, J. Jose Luis Rendon-Alvarez (defendant) seeks to preclude his retrial on a charge of trafficking in cocaine claiming a violation of double jeopardy principles.[1] After his conviction by a jury on a theory of joint venture, the conviction was reversed by the Appeals Court on a ground other than the sufficiency of the evidence, see *Commonwealth* v. *Rendon-Alvarez,*

[1] The double jeopardy clause of the Fifth Amendment, applicable to the States pursuant to the Fourteenth Amendment to the United States Constitution, *Benton* v. *Maryland,* 395 U.S. 784, 787 (1969), provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." General Laws c. 263, § 7, encompasses the same principle: "A person shall not be held to answer on a second indictment or complaint for a crime of which he has been acquitted upon the facts and merits; but he may plead such acquittal in bar of any subsequent prosecution for the same crime . . . ."

48 Mass. App. Ct. 140, 141 (1999).[2] On remand, the defendant moved to dismiss the indictment. He claimed that there was insufficient evidence of joint venture and that he had not been found guilty under an individual liability theory; thus, retrial under either theory would violate his privilege against being twice placed in jeopardy. The motion judge allowed the motion as it applied to the joint venture theory,[3] but denied it as it applied to the theory of trafficking as a principal, ordering that retrial could proceed on the principal theory. The defendant then sought relief in the county court pursuant to G. L. c. 211, § 3, requesting dismissal of the indictment and the bar of any retrial on double jeopardy principles. His petition was denied by a single justice of this court. He now appeals under S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), from that denial of relief. We reverse the judgment of the single justice.

"Appellate review of the denial of the motion to dismiss, after trial and conviction, would not provide adequate relief if the defendant were to prevail on the double jeopardy issue after trial." *Cepulonis* v. *Commonwealth*, 426 Mass. 1010, 1010 (1998), citing *McGuinness* v. *Commonwealth*, 423 Mass. 1003, 1004 (1996). Thus, we "sometimes authorize[] one bringing an appeal under rule 2:21 to pursue the appeal from the judgment of the single justice according to the regular appellate process." *Id.* We consider the merits of the defendant's double jeopardy claim here to promote judicial economy and avoid extended delay of the pending trial.

Resolution of this claim turns on the judge's instructions to the jury. We review the record to make our determination. *Commonwealth* v. *Hrycenko*, 417 Mass. 309, 316 (1994). The defendant bears the burden to prove that retrial is barred by double jeopardy principles. *Id.*

Before analyzing the judge's instructions, a brief summary of

[2]Before the Appeals Court, the defendant did not raise the issue of the sufficiency of the evidence to support a conviction under a theory of joint venture. He argued that it was error for the trial judge to allow testimony, over objection, that the petitioner had asserted confusion and refused to continue answering police questions. The conviction was reversed for this reason. See *Commonwealth* v. *Rendon-Alvarez*, 48 Mass. App. Ct. 140, 141 (1999).

[3]The sufficiency of the evidence against the defendant on a theory of joint venture is not before us on the present appeal.

the facts presented at trial is necessary to explain the context in which the instructions were given. The essential facts are largely undisputed. On January 14, 1995, the defendant was stopped by a State trooper for motor vehicle violations. When the trooper asked for his license and registration, the defendant exhibited various signs of nervousness and eventually produced a social security card that did not appear to be authentic. The trooper noticed a package on the floor directly behind the defendant. The trooper believed that the package contained cocaine. After ordering the defendant from the automobile, the trooper opened the package and confirmed his suspicions regarding its contents. The defendant was arrested and received his Miranda rights in Spanish. He denied any knowledge of the drugs and stated that he was in this country illegally (therefore his nervousness). Expert testimony was that the cocaine had a street value of between $100,000 and $200,000. Although the vehicle was seized by the police after the arrest, no one attempted to claim it.

The defendant claimed that he was unaware of any drugs in the car. He testified that he obtained work at odd jobs by standing in front of a Hispanic restaurant in Chelsea. A man hired him to work on his vehicle and took him to Revere. The man showed him the automobile to be repaired, gave him the keys, but remained at a "prudent distance" from the vehicle. The defendant was to return the automobile to the Chelsea restaurant after repairing it, but while driving the vehicle to obtain parts for the repairs he was stopped by the trooper. The defendant denied any knowledge of the package of cocaine behind the seat, although he had adjusted the seat forward in order to drive because he was shorter than the owner of the automobile.

The defendant contends that the judge instructed inconsistently on both joint venture and principal liability. He maintains that it cannot be determined which instructions the jury followed, and because he may have been acquitted of principal liability, double jeopardy principles bar his retrial. We consider the judge's instructions as a whole. *Commonwealth* v. *Rosa,* 422 Mass. 18, 27, 29 (1996).

The judge instructed the jury on the substantive offense of trafficking in cocaine, elucidating the five elements of that

offense. At the conclusion of the definition, she stated: "If . . . you determine that all five of those elements have been satisfied beyond a reasonable doubt, then you should find the defendant guilty of the crime of trafficking . . . . If, however, you determine that the Commonwealth has failed to show one or more of those elements, then you must find the defendant not guilty." She next instructed on joint venture. (We describe those instructions in more detail below.) After a bench conference, the judge emphasized the distinction between principal and joint venture liability:

> "I want to make it clear that . . . you are going to . . . determine whether the Commonwealth has satisfied its burden of proving the defendant's guilt based on the evidence concerning his participation in the crime. So you could . . . determine that all the elements of the crime of trafficking . . . have been satisfied beyond a reasonable doubt just based on the defendant's participation or you may . . . determine . . . that the Commonwealth has satisfied its burden of proving his guilt under a joint venture theory. So you are going . . . to determine whether the Commonwealth has proven his guilt solely on the basis of his participation, assuming that all five elements of the crime of trafficking . . . have been proven beyond a reasonable doubt, and you will . . . consider whether the Commonwealth has persuaded you beyond a reasonable doubt that this defendant is guilty under a joint venture theory based on the evidence and any participation with one or more other persons."

At the conclusion of the judge's instructions, the jury were told that the verdict slip would contain three boxes, one for guilty of trafficking "based solely on his participation"; one for "guilty under a joint venture theory"; and one for "not guilty." The jury were further instructed that only one box would be checked by the foreperson: "Not guilty, guilty or guilty under a joint venture theory."

The jury returned a verdict of guilty under a joint venture theory, having marked the box for that verdict, and they also affirmed in open court that they had found him guilty under that theory. Pursuant to the judge's instructions, the jury did not check the box indicating that the defendant was guilty as a

principal. He therefore was acquitted on that theory, and he may not be retried as a principal without violating double jeopardy principles.

The Commonwealth seeks to minimize the significance of the absence of a mark in the box indicating guilt as a principal by contending that the judge's erroneous instructions on joint venture resulted in the jury convicting the defendant as a principal. The Commonwealth's argument is as follows. After defining the elements of the offense of trafficking, the judge proceeded to instruct on the three elements of joint venture. She then combined the elements of trafficking and joint venture when instructing on the requirements for conviction under a joint venture theory, repeatedly instructing that a conviction under joint venture theory required that the jury find that the three elements of joint venture liability and the five elements of trafficking as a principal both had been proven beyond a reasonable doubt. For example, she stated: "If all of those elements have been satisfied by the Commonwealth beyond a reasonable doubt, then conviction under joint venture, under a joint-venture theory is permissible *as long as* the other five elements of the crime [of trafficking] are satisfied as well" (emphasis supplied). This was an incorrect definition of joint venture. The Commonwealth claims that this erroneous definition increased its burden, as the jury were informed that to find the defendant guilty under a joint venture theory, they must conclude also that the defendant was guilty of all the elements of trafficking, i.e., that he was guilty as a principal as well. In substance, the Commonwealth contends that the erroneous joint venture instruction made liability as a principal the equivalent of a lesser included offense, so that conviction on a joint venture theory automatically included the jury's determination that the defendant was liable as a principal.

The Commonwealth's argument is not correct factually. Although the judge did define joint venture as the Commonwealth claims, at various points she also defined joint venture correctly, i.e., without suggesting that the defendant's own commission of the crime of trafficking also had to be proved beyond a reasonable doubt. Indeed, a correct definition of joint venture was the one provided the jury in response to a

jury question the last time they were instructed on the matter. Thus, a fair reading of the charge in its entirety does not support the Commonwealth's argument.

Although not essential to our decision, it does not appear to us that the judge intended to instruct the jury that in order to convict the defendant as a joint venturer, they also must find that the evidence was sufficient to convict the defendant as a principal. Rather, the judge, most likely, was seeking to explain that in order for a joint venture to exist there must be someone (but not necessarily the defendant) who acts as a principal. The judge appeared to be attempting to make that distinction, but instead provided the jury with an instruction that at times implied that they needed to find the defendant guilty both as a principal and as a joint venturer. However, the instructions clearly submitted the case to the jury in the alternative: the jury could find the defendant not guilty, guilty as a principal, or guilty as a joint venturer. Regardless of the instructions, evidence was presented against the defendant as a principal; a verdict slip was submitted to the jury on which they could find the defendant guilty as a principal; and the jury did not find him guilty under this theory. Jeopardy attached. He was convicted by the jury only as a joint venturer and it was ultimately determined that this theory was not supported by the evidence.

We reverse the judgment of the single justice. The case is remanded to the county court for entry of a judgment dismissing the indictment.

*So ordered.*