Eddie Carrasquillo Sosa appeals from a Superior Court judgment of dismissal entered against him on his complaint in the nature of certiorari. The complaint sought review of a disciplinary action brought against him by the defendants. In 1999, while serving a sentence, Sosa escaped from the custody of the Department of Correction (DOC). Within days, Sosa was apprehended in Vermont. After his apprehension, Sosa was placed in Federal custody and transferred to Texas where he served an unrelated Federal drug sentence. Upon the expiration of Sosa's Federal sentence in 2015, he was returned to Massachusetts to finish the sentence he was serving prior to his escape.
Following his return to DOC custody, a disciplinary action was filed against him for the escape. At the disciplinary hearing, Sosa was found guilty of escape, sentenced to fifteen days in the department disciplinary unit, and assessed restitution in the amount of $2,793.98 as sanctions. Sosa's timely appeal to the superintendent was denied. Sosa then brought an action in the nature of certiorari pursuant to G. L. c. 249, § 4. The judge considered cross motions for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c), 365 Mass. 754 (1974), and granted the defendants' motion while denying Sosa's.
Sosa's appeal raises three issues: (1) the DOC failed to comply with their regulations, (2) the DOC violated Sosa's due process rights, and (3) the penalty of restitution was improper. We affirm.
Discussion. Prison inmates are entitled to review of disciplinary actions, whether or not a liberty interest is at stake, through the certiorari procedure. The purpose of the certiorari procedure in this context is to correct substantial errors of law that adversely affect an inmate's material rights. Drayton v. Commissioner of Correction, 52 Mass. App. Ct. 135, 140 (2001). "Our review of a disciplinary proceeding is based on whether the record contains substantial evidence to support the hearing officer's decision." Puleio v. Commissioner of Correction, 52 Mass. App. Ct. 302, 305 (2001). In addition, prison inmates are entitled to procedural due process protections under the United States and the Massachusetts Constitutions if the sanctions create an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). See Torres v. Commissioner of Correction, 427 Mass. 611, 617-618 (1998). Sosa was not entitled to relief under either theory.
First, we adopt the judge's reasoning that the timing of the disciplinary report did not violate prison regulations. The judge properly recognized that the regulations relating to the procedural time limits are directory, not mandatory and may be waived. 103 Code Mass. Regs. § 430.23 (effective November 14, 2014). Cf. Zuckerman v. Zoning Bd. of Appeals of Greenfield, 394 Mass. 663, 667 (1985). Additionally the judge found that "Sosa's own conduct of escaping" caused the initial delay. See Commonwealth v. Edwards, 444 Mass. 526, 532-536 (2005) (establishing parameters of "forfeiture by wrongdoing" doctrine).
Second, the judge properly concluded that the guilty finding was supported by substantial evidence. The hearing officer relied on a disciplinary report that he found to be a true and accurate accounting of the details of Sosa's escape.
Third, we discern no error in the judge's ruling that Sosa received the full measure of the required due process protections in the disciplinary hearing. Sosa contends that prison officials denied him due process by failing to produce the reporting officer at the disciplinary hearing. The judge found that the hearing officer did not abuse his discretion by not allowing Sosa to call as a witness the reporting officer.
Due to the insufficiency of the record, we are unable to review further Sosa's due process claims. Sosa failed to include all portions of the record that are crucial to our review in the record appendix, as required by Mass.R.A.P. 18(a), as amended, 425 Mass. 1602 (1997). Cameron v. Carelli, 39 Mass. App. Ct. 81, 83-84 (1995). Sosa's appendix does not contain his complaint, the motions to dismiss, or a complete record of the disciplinary hearing including the request for discovery discussed in his brief. "An appellant's obligation to include those parts of the [record below] 'which are essential for review of the issues raised on appeal ... is a fundamental and long-standing rule of appellate civil practice.' Shawmut Community Bank, N.A. v. Zagami, [30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992) ]." Cameron, supra at 84.[3]
Finally, there is no merit to Sosa's contention that the restitution sanction was improper. The amount of restitution was supported by the record below. Sosa's conclusory argument (without citation to the record) that the amount of restitution was unreasonable and created an undue hardship does not rise to the level of proper appellate argument and, therefore, we do not consider it. See Sayre v. Aisner, 51 Mass. App. Ct. 794, 796 n.4 (2001). Double jeopardy principles do not bar imposition of prison sanctions, including restitution, and criminal prosecution for the same wrongful conduct. See Commonwealth v. Forte, 423 Mass. 672, 674-676 (1996) ; Cepulonis v. Commonwealth, 426 Mass. 1010, 1011 (1998).
Judgment affirmed.

See Mains v. Commonwealth, 433 Mass. 30, 36 (2000) (pro se litigant bound by same rules of procedure as litigants with counsel).