

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

## NO. PD-0241-15

---

### ANTONIO LEIJA, JR., Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S EMERGENCY MOTION TO STAY PROCEEDINGS IN THE SECOND COURT OF APPEALS WICHITA COUNTY

---

*Per curiam. Alcala, J. concurs.*

### ORDER

In the court of appeals, the State filed a motion to recuse Justice Lee Ann Dauphinot. Sitting en banc, the court of appeals denied the motion, with three justices dissenting. Although no judgment has been issued by the court of appeals with respect to the appeal, the State has submitted a petition for discretionary review (PDR) seeking review of the order denying the motion to recuse and a motion to stay proceedings in the court of appeals. We decline to file the State's petition.

The rules of appellate procedure provide that an initial PDR must be filed within thirty days after "either the day the court of appeals'[s] judgment was rendered or the day the last timely motion

for rehearing or timely motion for en banc reconsideration was overruled" by the court of appeals.[1] With the word "judgment," the rules indicate that the right to file a PDR arises only after the court of appeals's ultimate disposition of the case. While the denial of a recusal motion like the one before us is reviewable,[2] there is no explicit right to file a PDR from an interim ruling.

Moreover, "[i]nterlocutory appeals are generally not permitted in Texas criminal proceedings."[3] When a motion to recuse a trial judge is denied, review occurs only after final judgment in the trial court.[4] There seems to be even less justification for allowing an interlocutory PDR from the denial of a motion to recuse an appellate justice. Refusing to allow a PDR in the situation before us runs only the risk of remanding the case to the court of appeals for a new review of the case. The time and resources involved in such a remand is considerably less than what would occur if a case had to be retried because of an error at the trial level.[5]

The State's motion to stay proceedings is denied.

Delivered: March 18, 2015
Publish

---

[1] TEX. R. APP. P. 68.2.

[2] TEX. R. APP. P. 16.3(c).

[3] *Ex parte Smith*, 178 S.W.3d 797, 801 n.13 (Tex. Crim. App. 2005). *See also Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010) ("interlocutory appeal is an extraordinary remedy").

[4] *In re Union Pac. Resources Co.*, 969 S.W.2d 427, 428 (Tex. 1998); *De Leon v. Aguilar*, 127 S.W.3d 1, 6-7 (Tex. Crim. App. 2004) (except in the unusual case where bias as a matter of law has been shown, party has an adequate remedy at law by way of an appeal from the final judgment).

[5] And a remand resulting from an erroneous failure to recuse an appellate justice would be a rare event. *See Tesco Am. Inc. v. Strong Indus.*, 221 S.W.3d 550, 556 (Tex. 2006) (observing that "[p]ost-disposition disqualification of appellate judges has been rare in the 160 years the Texas Constitution has required it").