COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

JOE ANTONY CABRAL,                                              No. 08-19-00048-CR

§

Appellant,                                              Appeal from the

§

v.                                              409th District Court

§

THE STATE OF TEXAS,                                              of El Paso County, Texas

§

Appellee.                                              (TC# 20180D01243)

§

## MEMORANDUM OPINION

This appeal is before the Court on its own motion to determine whether it should be dismissed for want of jurisdiction. Finding that the order denying Appellant's motion to recuse the trial judge is not subject to an interlocutory appeal, we dismiss the appeal for want of jurisdiction.

This Court's jurisdiction is derived from the Texas Constitution which provides that the courts of appeals have appellate jurisdiction "under such restrictions and regulations as may be prescribed by law." TEX.CONST. art. V, § 6(a). Consequently, a party may appeal only that which the Legislature has authorized. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex.Crim.App. 1992). Article 44.02 provides that a defendant in any criminal action has the right of appeal under the rules hereinafter prescribed. TEX.CODE CRIM.PROC.ANN. art. 44.02. This statutory right of appeal has been interpreted as allowing appeal from a final judgment of conviction. *See State v. Sellers*,

790 S.W.2d 316, 321 n.4 (Tex.Crim.App. 1990); *Ex parte Culver*, 932 S.W.2d 207, 210 (Tex.App.--El Paso 1996, pet. ref'd).  The courts of appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law.  *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991); *Culver*, 932 S.W.2d at 210.

Rule 18a(j) expressly provides: "An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment."  TEX.R.CIV.P. 18a(j)(1)(A); *see Leija v. State*, 456 S.W.3d 157, 158 (Tex.Crim.App. 2015)("When a motion to recuse a trial judge is denied, review occurs only after final judgment in the trial court.").  The Clerk of the Court sent Appellant notice that the Court intended to dismiss the appeal for lack of jurisdiction because there is no final judgment or appealable order.  Appellant's response does not address the issue of jurisdiction.  Citing *Leija*, the State argues that the Court does not have jurisdiction to review the interlocutory order denying Appellant's motion to recuse.  We agree with the State.  Accordingly, we dismiss the attempted appeal for lack of jurisdiction.

GINA M. PALAFOX, Justice

February 20, 2019

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)