

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00130-CR

IN RE EVERICK L. MONK

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Relator, Everick L. Monk, filed a pro se petition for a writ of mandamus. Monk asks this Court to order the trial court to declare void and to vacate both the conviction for which he is currently serving a life sentence and the dismissal of his civil suit regarding an alleged jailhouse assault. We find that Monk has not carried the burden imposed on those seeking the extraordinary remedy of mandamus.

Monk attached no documents to his petition. That alone would be grounds to deny the petition. *See* TEX. R. APP. P. 52.7(a); *In re CG Searcy, LLC*, 685 S.W.3d 887, 888 (Tex. App.—Dallas 2024, orig. proceeding) ("Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." (quoting *In re Phung Van Tran*, No. 05-14-01551-CV, 2014 WL 7234616, at *1 (Tex. App.—Dallas Dec. 19, 2014, orig. proceeding) (mem. op.))); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding).

However, Monk's petition directs the Court to his prior cases and suits. This Court has addressed the merits of Monk's appeal from the underlying conviction. *Monk v. State*, No. 06-23-00046-CR, 2024 WL 44962, at *1 (Tex. App.—Texarkana Jan. 4, 2024, no pet.) (mem. op., not designated for publication). That is the conviction that Monk seeks to set aside via mandamus. This Court has also addressed Monk's suit regarding an alleged jailhouse assault. *Monk v. Massey*, No. 06-23-00009-CV, 2023 WL 2733410, at *1 (Tex. App.—Texarkana Mar. 31, 2023, pet. denied) (mem. op.); *but see Monk v. Massey*, No. 23-0290, 2024 WL

3218809, at *1 (Tex. June 28, 2024) (orig. proceeding) (Young, J., dissenting from denial of pet.) (concluding that this Court abused its discretion in dismissing Monk's case for failure to comply with Section 14.004 of the Texas Civil Practice and Remedies Code). This Court also addressed a duplicative appeal by Monk regarding the same suit. *Monk v. Massey*, No. 6-23-00019-CV, 2023 WL 3831823, at *1 (Tex. App.—Texarkana June 6, 2023, pet. denied) (mem. op.); *Monk*, 2024 WL 3218809, at *1 (Young, J., dissenting) (noting that, if review of the first suit had been granted, they would have voted to dismiss petition regarding the second suit as moot). *Monk v. Massey* is the civil dismissal Monk seeks to have set aside via mandamus. *Monk*, 2024 WL 3218809, at *1.

In addition to proceedings in this Court, Monk points to federal suits by which he sought redress for the alleged jailhouse assault. *Monk v. Turn Key Med.*, No. 5:21-cv-146, 2024 WL 1198857, at *1 (E.D. Tex. Mar. 20, 2024) (order); *Monk v. Massey*, No. 5:22-CV-00098-RWS-JBB, 2023 WL 8369474, at *1 (E.D. Tex. Dec. 4, 2023) (order) (appeal pending in Fifth Circuit).

In light of the dissent in *Monk*, we decline to dismiss on grounds that Monk failed to attach documents. *See Monk*, 2024 WL 3218809, at *1. Instead, we take judicial notice of the prior decisions, and we take judicial notice of documents in this Court's file to which Monk directs our attention.

Under the mandamus standard of review, Monk must show that the trial court had a ministerial duty to enter the orders Monk desires. "Mandamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding).

3

Monk's argument is that manifest bias deprived the trial court of jurisdiction to enter any order at all. An argument that a trial court lacks jurisdiction to enter any order at all is contrary to Monk's request that the trial court must enter orders.

Moreover, mandamus is not the proper procedural device for Monk's requests. *See Leija v. State*, 456 S.W.3d 157, 158 (Tex. Crim. App. 2015) (per curiam) (order) ("When a motion to recuse a trial judge is denied, review occurs only after final judgment in the trial court."). Pre-trial mandamus is available "in the unusual case where bias as a matter of law has been shown." *Id.* at 158 n.4 (citing *De Leon v. Aguilar*, 127 S.W.3d 1, 6–7 (Tex. Crim. App. 2004) (orig. proceeding)). But that is not the case here. In *De Leon v. Aguilar*, the unusual circumstance was that the trial judge had already been judicially declared to be biased. *De Leon v. Aguilar*, 127 S.W.3d 1, 2–3 (Tex. Crim. App. 2004) (orig. proceeding). There, a lawyer represented two defendants in cases before the same trial judge. *Id.* at 2. In the first case, the lawyer brought a recusal motion alleging that the judge was biased against the attorney to the point that the first defendant could not get a fair trial. *Id.* at 5–6. The respondent judge was recused against his wishes after a contested hearing at which the respondent judge appeared and was represented by counsel. *Id.* at 2. In the second case, the respondent judge refused to refer a substantively identical recusal motion for a hearing before another judge. *Id.* On those facts, the Texas Court of Criminal Appeals granted mandamus, reasoning that it would be a waste of judicial resources to allow the second case to proceed to trial before a judge who had been judicially determined to be biased. *Id.* at 7.

Monk's case differs from *De Leon* in two key aspects. First, Monk points us to no judicial determination that the trial judge in his criminal and civil cases had been judicially determined to be biased. Second, the trial court has already entered final judgments in both of those cases.

We, therefore, deny the petition.


Jeff Rambin
Justice


Date Submitted:     August 13, 2024
Date Decided:      August 14, 2024

Do Not Publish